## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

## EASTERN DIVISION

| | |
|---|---|
| RONALD W. BLANKENSHIP, and GARY BRASSFIELD, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PUSHPIN HOLDINGS, LLC, LEASE FINANCE GROUP LLC, and JAY COHEN, <br><br> Defendants. | ) ) ) ) ) **Case No.** ) ) ) ) ) ) ) ) ) ) |

## NOTICE OF REMOVAL

Defendants PUSHPIN HOLDINGS, LLC ("Pushpin"), LEASE FINANCE GROUP LLC ("LFG") and JAY COHEN ("Cohen") (collectively, "Removing Parties"), by and through their attorneys, Moses and Singer LLP and Levenfeld Pearlstein, LLC, pursuant to, *inter alia*, 28 U.S.C. §§ 1446 and 1453 and reserving any and all defenses and exceptions, hereby remove the above-captioned action from the Circuit Court of Cook County, Illinois, Law Department to this Court. In support of removal, the Removing Parties state as follows:

## THE REMOVED CASE

1.      On July 28, 2014, Plaintiffs Ronald W. Blankenship ("Blankenship") and Gary Brassfield ("Brassfield") (collectively, "Plaintiffs") filed this putative class action lawsuit on behalf of themselves and a putative class, captioned *Ronald W. Blankenship and Gary Brassfield, on behalf of themselves and all others similarly situated v. Pushpin Holdings, LLC, Lease Finance*

*Group LLC and Jay Cohen*, under docket number 2014-CH-12318 in the Circuit Court of Cook

County, Illinois (the "State Court Action"). Exhibit A is a true and correct copy of the

Complaint in the State Court Action (together with the Service of Process transmittals on both

Pushpin and Cohen).

2.      Blankenship purports, at all times relevant to the Complaint, to be a resident of Alabama.

Compl., ¶¶ 14 and 22.

3.      Brassfield purports, at all times relevant to the Complaint, to be a resident of Arkansas.

*Id.*, ¶¶ 15 and 38.

4.      Pushpin is, and as of the date of the filing of the Complaint in this lawsuit was, a limited

liability company with three (3) members. *Id.*, ¶ 16; Declaration of Joseph Sussman ("Sussman

Dec."), ¶ 3.

5.      The first member of Pushpin is EL Resolution Ventures LLC. The sole member of EL

Resolution Ventures LLC is an independent retirement account for the benefit of Ephraim

Landau. The custodian of the independent retirement account is IRA Services Trust Company, a

company organized in California with its principal place of business in California. Ephraim

Landau is a resident of the State of New York. Sussman Dec., ¶ 4.

6.      The second member of Pushpin is CL Resolution Ventures LLC. The sole member of CL

Resolution Ventures LLC is an independent retirement account for the benefit of Chaim Landau.

The custodian of the independent retirement account is IRA Services Trust Company, a company

organized in California with its principal place of business in California. Chaim Landau is a

resident of the State of New York. *Id.*, ¶ 5.

7.      The third member of Pushpin is Pref Brush LLC. The sole member of Pref Brush LLC is

a retirement savings account known as the Daniel Brush 401(k) which takes its name from

subsection 401(k) of the Internal Revenue Code (Title 26 of the United States Code). The 401(k) is in New York. The 401(k)'s trustee is Daniel Brush. Daniel Brush is a resident of the State of New York. *Id.*, ¶ 6.

8.      Lease Finance Group is an LLC whose sole member is LF Platform, LLC, a New York limited liability company. LF Platform, LLC has two members. The first member is the Cohen Marital Trust, whose trustee is Sima Cohen, a New Jersey resident, and whose beneficiaries are New York residents. The second member is the Mezei Marital Trust, whose trustee is Beverly Mezei, a New York resident, and whose beneficiaries are New York residents. *Id.*, ¶ 7.

9.      Cohen is a citizen of New York. Compl., ¶ 19.

10.      Count One of the Complaint alleges a violation of the Illinois Consumer Fraud and Deceptive Practice Act (the "Consumer Fraud Act"). Plaintiffs allege that Pushpin and LFG violated the Consumer Fraud Act by filing suits in violation of alleged mandatory arbitration clauses, by filing time barred suits and by threatening to do so. *Id.*, ¶ 62. Further, Plaintiffs allege that Pushpin and LFG coerced Plaintiffs and putative class members to settle time barred claims. *Id.*, ¶ 63.

11.      Count Two of the Complaint alleges a violation of the Illinois Collective Agency Act (the "Collective Agency Act"). Plaintiffs allege that Pushpin and LFG are not registered as collection agencies under the Illinois Collection Agency Act, 225 ILCS § 425/1 et seq. and violated the Collective Agency Act by sending demand letters constituting Class A misdemeanors under the Collective Agency Act. *Id.*, ¶ 69.

12.      The Complaint does not state the total amount of damages Plaintiffs seek.

13.      For his individual claim, Blankenship alleges that LFG wrongfully took $500 out of his bank account after he turned over his machine (Compl., ¶ 31) and obtained an *ex parte* judgment

against him on January 6, 2014 for $2,497.64 plus costs after suing him in violation of the mandatory arbitration clause. *Id.*, ¶ 33. Blankenship also alleges that Pushpin and/or LFG (a) damaged him by not depositing money from his credit card customers into his bank account for several days, which denied him the use of his money (Compl., ¶ 30) and (b) promised him one year's free supply of treated paper but never delivered it, further damaging him because he had to pay for the paper himself. *Id.*, ¶ 29. Blankenship also alleges that Pushpin and/or LFG charged him his monthly lease payment even though the machine was not working properly. *Id.*, ¶ 28.

14. For his individual claim, Brassfield alleges that Pushpin violated the mandatory arbitration clause by filing suit against him and obtaining an *ex parte* judgment against him for $2,753.00 plus costs. *Id.*, ¶ 43. He alleges that he "has been damaged by having payments taken from his bank account for a defective machine and by having an ex parte judgment entered against him which will adversely affect his consumer credit report." *Id.*, ¶ 46.

15. The Plaintiffs also purport to bring this lawsuit on behalf of a putative class which allegedly consists of "all persons who were sued in small claims court in the Circuit Court of Cook County, Illinois by the Class Action Defendants in violation of the arbitration clause, on a lease where the date of default or last payment occurred more than four years prior to the suit or threat, and where an ex parte judgment was obtained on incomplete and inadequate service and documentation." *Id.*, ¶ 54.

16. In addition to damages, Plaintiffs seek a declaratory judgment ruling that "Defendants [LFG and Pushpin] are filing time barred cases and cases subject to mandatory arbitration," restitution by disgorgement of all monies wrongfully received, vacating of all *ex parte* default judgments obtained against class members, punitive damages, permitting the class members to

rescind their transactions with LFG and Pushpin, awarding the class their reasonable costs and expenses, including statutory attorney's fees under the Consumer Fraud Act and similar statutes and expenses, and any other further relief as the Court deems just. *Id.*, ¶¶ 67 and 69.

## REMOVAL IS TIMELY

17.     Under 28 U.S.C. § 1446(b), a Notice of Removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief."

18.     Plaintiffs filed the Complaint on July 28, 2014.

19.     Pushpin was served with the Complaint on or about August 8, 2014.  Cohen was served with the Complaint on or about August 19, 2014.  LFG has not been formally served with the Complaint, but became aware of and obtained a copy of the Complaint on or around August 8, 2014.

20.     This Notice of Removal is therefore timely.

## VENUE IS PROPER IN THIS COURT

### This Court Has Jurisdiction Under the Class Action Fairness Act ("CAFA")

21.     Removal of this action is appropriate under CAFA.  "CAFA was enacted to grant broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 618 (7th Cir. 2012) (internal citations omitted).

22.     Removal is proper under CAFA where, as here, a purported class action is filed and there is (a) at least minimal diversity of citizenship, (b) 100 or more purported class members and (c) the aggregate amount in controversy for the entire proposed class exceeds $5,000,000, exclusive of costs and interest.  *See* 28 U.S.C. § 1332(d)(2).

### Minimal Diversity

23.     This case satisfies the minimal diversity requirement of CAFA because the named

Plaintiffs are citizens of different states than the Removing Parties. *See* 28 U.S.C. §

1332(d)(2)(A). Blankenship is a citizen of Alabama. Compl., ¶¶ 14, 22. Brassfield is a citizen

of Arkansas. Id., ¶¶ 15, 38. Pushpin is a citizen of New York. *See* supra, ¶¶ 4-7. LFG is a

citizen of New York and New Jersey. *See* supra, ¶ 8. Cohen is a citizen of New York. Compl.,

¶ 19.

### 100 or More Putative Class Members

24.     This case satisfies the requirement that there be at least 100 purported class members.

Although Plaintiffs do not allege an exact number of putative class members, Plaintiffs

repeatedly allege that there are more than 100 putative class members. See, e.g., Compl., ¶ 1

("…hundreds of bogus small claims suits"); ¶ 10 ("For instance, in the first two weeks of July

2014, they filed over 150 new cases in Cook County"); ¶ 11 ("Filing hundreds of collection

suits…"); ¶ 21 ("…hundreds of bogus cases").

25.     In fact, as of the time of this removal, there are approximately 4,000 putative class

members. Sussman Dec. ¶ 10.

### Amount in Controversy

26.     CAFA provides that "the claims of the individual class members shall be aggregated to

determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive

of interest and costs." 28 U.S.C. § 1332(d)(6).

27.     Here, the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28

U.S.C. § 1332(d)(2).

28.     The removing party satisfies the amount-in-controversy requirement simply by

"provid[ing] a good-faith estimate that plausibly explains how the stakes exceed $5 million."

*Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012); *Johnson v.*

*Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014) ("…Pushpin's estimate that the damages recoverable by the class if it prevails on the merits may well equal or exceed [the jurisdictional amount and] may be reliable enough to preclude remanding the case to the state court.")

29.     "When removing a suit, the defendant as proponent of federal jurisdiction, is entitled to present its own estimate of the stakes." *Back Doctors Ltd. v. Metro, Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

30.     This is a pleading requirement, not a demand for proof. *Johnson v. Pushpin Holdings, LLC*, 2014 WL 3953451 at *1 (Aug. 13, 2014), citing *Brill v. Countrywide Home Loan, Inc.*, 427 F.3d 446 (7th Cir. 2005). "A removing defendant does not need to confess liability in order to show that the controversy exceeds the threshold. The removing party's burden is to show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands....The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Id.*

31.     "[O]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000…the case belongs in federal court unless it is *legally impossible* for the plaintiff [class] to recover that much." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) (emphasis added); *ABM Security Services, Inc. v. Davis*, 646 F.3d 475, 478 (7th Cir. 2011).

32.     Plaintiffs allege that Pushpin and LFG are filing and threatening to file lawsuits against members of the putative class in violation of the Consumer Fraud Act without being licensed and registered as a debt collection agency under the Collection Agency Act and seek, among other things, monetary damages, declaratory and injunctive relief, restitution by disgorgement of all

monies wrongfully received, vacating default judgments, punitive damages, allowing class members to rescind their transactions, reasonable costs and expenses, including attorney's fees (both statutory and common law) and such further and other relief as the Court deems just. Compl., ¶¶ 67 and 69.

33.     Blankenship alleges LFG damaged him by charging $39.95 a month for a defective machine (Compl., ¶ 28), promising one year's free supply of treated paper but never delivering it (Id., ¶ 29), failing to deposit money from his credit card customers into his bank account within 48 hours after purchase (Id., ¶ 30), wrongfully taking $500 from his bank account after turning over his machine (Id., ¶ 31), obtaining an *ex parte* judgment against him on January 6, 2014 for $2,497.65 plus costs after suing him in violation of the mandatory arbitration clause and on a time barred debt (Id., ¶¶ 33 and 35), which suit will additionally adversely affect his consumer credit report.  Id., ¶ 37.  Blankenship is additionally seeking punitive damages and attorney's fees in connection with the alleged actionable conduct.

34.     Brassfield alleges that Pushpin damaged him by delivering a credit card machine that broke down and failing to fix it (Compl., ¶ 39), failing to pick up the broken machine (Id., ¶ 41), obtaining an ex parte judgment against Brassfield for $2,753.00 plus costs after suing him in violation of the mandatory arbitration clause (Id., ¶ 43), which suit will additionally adversely affect his consumer credit report (Id., ¶ 46), and taking payments from his bank account for a defective machine. Id.  Brassfield is additionally seeking punitive damages and attorney's fees in connection with the alleged actionable conduct.

35.     The relief sought in this action is not, and should not be, limited to actions in which Pushpin and/or LFG has obtained default or other judgments.  Rather and at a minimum, the

relief Plaintiffs seek directly impacts the thousands of cases (approximately 4,000) Pushpin and LFG have filed in the Circuit Court of Cook County. Compl., ¶ 54.

36.     In addition, Plaintiffs seek attorney's fees and punitive damages, and the potential for an award of attorney's fees and punitive damages is properly considered in the amount in controversy for removal purposes. *See, e.g., LM Insurance Corp. v. Spaulding Enterprises, Inc.*, 553 F.3d 542 (7th Cir. 2008); *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995); *Johnson v. Pushpin Holdings, LLC*, 13-C-7468, 2014 WL 3953451 at *3 (N.D. Ill. Aug. 13, 2014); *Horsby v. Hornsby's Stores, Inc.*, 763 F. Supp. 958, 959 (N.D. Ill. 1991).

37.     Pushpin and LFG have filed approximately 4,000 actions in the Circuit Court of Cook County to recover amounts due to breaches of contract (on leases). The aggregate amount sought in these 4,000 cases already filed is approximately $10,125,000 exclusive of interest and costs. Sussman Dec. ¶ 11.

38.     Given the allegations against Pushpin and LFG sounding in fraud and forgery, it is plausible for a jury to award a high punitive damage multiplier in this action. *See, e.g., Johnson v. Pushpin Holdings, LLC*, 13-cv-7468, 2014 WL 3953451 at *3 (N.D. Ill., Aug. 13, 2014) (recognizing the plausibility of a high punitive damage multiplier and refusing to cap punitive damages in any way at the removal stage of the litigation).

39.     Given the above and assuming (as we must, should this action proceed as a class action) that Blankenship's and Brassfield's claims are typical of other members of the putative class, the amount in controversy clearly exceeds $5,000,000.

40.     Additionally, no stipulation or averment by Plaintiffs can limit what is potentially recoverable in this case. The case belongs in federal court because it is not legally impossible for recovery to exceed $5 million, notwithstanding any later attempts by Plaintiffs to limit recovery.

*Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 772 (7th Cir. 2014), citing *Standard Fire Ins.
Co. v. Knowles*, __ U.S. __, 133 S.Ct. 1345, 185 L.Ed.2d 439 (2013) ("a stipulation by the
named plaintiff in the complaint – even though accompanied by an affidavit signed by him –
before the class is certified doesn't limit the amount of potential damages that the class would be
able to recover and so does not affect removability under the Class Action Fairness Act.")

### There Are No Exceptions to Jurisdiction Under CAFA

41.     None of the exceptions to this Court's original jurisdiction under 28 U.S.C. § 1332(d)
apply to the State Court Action.

42.     Pushpin, a primary defendant, is a citizen of New York.  *See supra*, ¶¶ 4-8.  Accordingly,
since one of the "primary defendants" is not a citizen of Illinois, Section 1332(d)(3) does not
apply.  Additionally, more than one-third but less than two-thirds of the proposed putative class
are not citizens of Illinois.  Sussman Dec., ¶ 10.

43.     More than two-thirds of the members of the putative class are not citizens of Illinois.  *Id*.
Accordingly, Section 1332(d)(4) does not apply.

44.     In addition, Section 1332(d)(5) does not apply because (i) none of the Removing Parties
is a State, State official, or other governmental entity against whom the district court may be
foreclosed from entering relief and (ii) the proposed class is more numerous than 100 members.
Section 1332(d)(9) does not apply because the claims do not involve securities or the internal
affairs or governance of a corporation or other form of business enterprise.

### PROCEDURAL REQUIREMENTS

45.     The Circuit Court of Cook County, State of Illinois, Law Division is located in Cook
County, which is embraced by the Northern District of Illinois.  Therefore, removal to the
Northern District of Illinois is proper.  28 U.S.C. § 1441(a).

46.     Venue properly lies with this Court pursuant to 28 U.S.C. § 1446(a) as the State Court Action is presently pending in the Circuit Court of Cook County, State of Illinois, Law Division.

47.     A copy of this Notice of Removal is being filed with the Circuit Court of Cook County, State of Illinois, Law Division and served upon all adverse parties as required by 28 U.S.C. § 1446(d).

48.     A copy of all process, pleadings and orders served by or upon Removing Parties is attached to this Notice of Removal as Exhibit A as required by 28 U.S.C. § 1446(a).

## <u>NON-WAIVER OF DEFENSES</u>

49.     By this Notice of Removal, Removing Parties do not admit that the allegations in the Complaint have any merit whatsoever, do not waive any defenses available to the Removing Parties, and expressly reserve the right to challenge all such allegations on any and all grounds available.

50.     The undersigned has read and signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure.

        WHEREFORE, the Removing Parties remove the above-captioned action from the Circuit Court of Cook County, State of Illinois, Law Division and requests that further proceedings by conducted in this Court as provided by law.

Dated: August 27, 2014                          Respectfully submitted,


                                                By:   /s/ Jason Hirsh

                                                Jason Hirsh
                                                Levenfeld Pearlstein, LLC
                                                2 N. LaSalle St., Suite 1300
                                                Chicago, Illinois 60602

                                                Scott E. Silberfein (application for *pro hac vice* admission pending)
                                                John V. Baranello (application for *pro hac vice*

11

admission pending))
Moses & Singer LLP
405 Lexington Avenue
New York, New York  10174-1299

*Attorneys for Defendants / Removing Parties*