**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **RONALD W. BLANKENSHIP,** | ) | |
| **and GARY BRASSFIELD,** | ) | |
| **on behalf of themselves and all others** | ) | |
| **similarly situated,** | ) | |
| | ) | **Case No. 1:14-cv-06636 (ASE) (JTG)** |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **PUSHPIN HOLDINGS, LLC, LEASE** | ) | |
| **FINANCE GROUP LLC, and JAY** | ) | |
| **COHEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
THE FIRST AMENDED CLASS ACTION COMPLAINT OR, IN THE ALTERNATIVE,
TO STRIKE SCANDALOUS AND CLASS ALLEGATIONS THEREFROM**

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ................................................................1

II.    ALLEGATIONS IN THE FAC.............................................................3

III.   THE PUTATIVE CLASSES.................................................................4

IV.   LEGAL STANDARD FOR MOTION TO DISMISS .........................................5

V.    ARGUMENT ................................................................................5

      A.    The ICFA Count Is Implausible and Fails to Satisfy the Heightened Pleading Requirements ................................................................5

      B.    The ICFA Count: Defendants Have Nothing to Do with Forgery ........................7

      C.    Plaintiffs Fail to Plead a Claim Under the ICFA ........................................9

      D.    The ICFA Count Fails to State a Claim Against Defendants .............................9

          1.    Defendants Committed No Deceptive Acts..................................9

          2.    Defendants Did Nothing "Unfair"...........................................11

          3.    Plaintiffs Fail to Allege "Reliance" .........................................11

          4.    The Allegations Do Not Involve "Trade" or "Commerce" .....................12

          5.    Plaintiffs Are Not "Consumers"............................................12

          6.    Plaintiffs Fail to Allege Damages...........................................13

          7.    Plaintiffs Fail to Allege That Defendants Proximately Caused Damages ................................................................13

      E.    The Breach of Contract Count Fails to State a Claim ...................................14

          1.    The "Valid and Enforceable Contract"......................................14

          2.    Plaintiffs Do Not Allege Substantial Performance ...........................14

          3.    Defendants Did Not Breach.................................................15

          4.    Plaintiffs Sustained No Damages ...........................................15

      F.    The Court Should Strike All Class Allegations..........................................16

      G.    The Court Should Strike Scandalous Allegations (FAC ¶¶6-8, 66)....................19

      H.    The Court Should Dismiss All Claims Against Cohen ...................................20

VI.   CONCLUSION .............................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Advance Iron Works, Inc. v. John Edwards Constr. Co.*,
    02-C-0014, 2004 WL 2044123 (N.D. Ill. Sept. 9, 2004)........................................................15

*Aliano v. Ferriss*,
    2013 IL App (1st) 120242, 988 N.E.2d 168 (Ill. App. Ct. 2013)............................................11

*American Int'l Adjustment Co. v. Galvin*,
    86 F.3d 1455 (7th Cir. 1996).....................................................................................................7

*Andrews v. Chevy Chase Bank*,
    545 F.3d 570 (7th Cir. 2008)...................................................................................................19

*Armbrister v. Pushpin Holdings, LLC*,
    896 F.Supp.2d 746 (N.D. Ill. 2012).........................................................................................15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................................................5, 6

*Avery v. State Farm Mut. Auto. Ins. Co.*,
    835 N.E.2d 801 (Ill. 2005)....................................................................................................9, 11

*Brown v. SBC Commc'ns, Inc.*,
    2007 WL 684133 (S.D. Ill. Mar. 1, 2007) ................................................................................8

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
    761 F.3d 732 (7th Cir. 2014)..............................................................................................5, 19

*Cnty. of McHenry v. Ins. Co. of the West*,
    438 F.3d 813 (7th Cir. 2006)....................................................................................................5

*Cohen v. Am. Sec. Ins. Co.*,
    735 F.3d 601 (7th Cir. 2013) ..................................................................................................10

*Costello v. Grundon*,
    651 F.3d 614 (7th Cir. 2011) ..................................................................................................14

*Credit Gen. Ins. v. Midwest Indem. Corp.*,
    916 F.Supp. 766 (N.D. Ill. 1996)............................................................................................14

*Cumis Ins. Soc., Inc. v. Peters*,
    983 F. Supp. 787 (N.D. Ill. 1997)...........................................................................................19

# TABLE OF AUTHORIES
(continued)

**Page**

*Dix v. United States.*,
    09-cv-6349, 2010 WL 2607262 (N.D. Ill. June 24, 2010) .......................................................6

*Ellis v. Elgin Riverboat Resort*,
    217 F.R.D. 415 (N.D. Ill. 2003) .........................................................................................18

*Espenscheid v. DirectSat USA, LLC*,
    705 F.3d 770 (7th Cir. 2013) ..............................................................................................18

*Frazier v. U.S. Bank Nat'l Ass'n*,
    No. 11 C 8775, 2013 WL 1385612 (N.D. Ill. Apr. 4, 2013) .................................................13

*Goldberg v. 401 North Wabash Venture LLC*,
    No. 09-C-6455, 2010 WL 1655089 (N.D. Ill., Apr. 22, 2010) (J. St. Eve, J.) ......................14

*Gyptec Iberica v. Alstom Power Inc.*,
    No. 10-C-128, 2010 WL 3951466 (N.D. Ill. Oct. 5, 2010)...................................................16

*Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*,
    570 F.3d 811 (7th Cir. 2009).................................................................................................5

*Herrera v. The North & Kimball Group, Inc.*,
    No. 01-C-7349, 2002 WL 253019 (N.D. Ill. 2002)................................................................8

*Jackson v. S. Holland Dodge, Inc.*,
    197 Ill.2d 39, 258 Ill.Dec. 79, 755 N.E.2d 462 (Ill. 2001) .......................................................8

*Jenkins v. Mercantile Mortg. Co.*,
    231 F.Supp.2d 737 (N.D. Ill. 2002)..........................................................................................8

*Johnson v. Pushpin Holdings, LLC*,
    2013-CV-7468, 2015 WL 1345768 (N.D. Ill. Mar. 23, 2015) ................................6, 7, 12, 15

*Kasalo v. Harris & Harris*,
    656 F.3d 557 (7th Cir. 2011) ...............................................................................................16

*Medtronic Navigation, Inc. v. St. Louis Univ.*,
    12-cv-01706, 2013 WL 5323307 (D. Colo. Sept. 23, 2013).................................................20

*Muir v. Playtex Prods., LLC*,
    983 F. Supp. 2d 980 (N.D. Ill. 2013)...................................................................................10

*Murry v. America's Mortg. Banc, Inc.*,
    No. 03-C-5811, 2005 WL 1323364 (N.D. Ill. May 5, 2005) .................................................19

# TABLE OF AUTHORIES

(continued)

**Page**

*Nagel v. ADM Investor Serv., Inc.,*
217 F.3d 436 (7th Cir. 2000) ............................................................................17

*Najieb v. Chrysler-Plymouth,*
01-C-8295, 2002 WL 31906466 (N.D. Ill. Dec. 31, 2002) ....................................6

*People ex. rel. Daley v. Datacom Sys. Corp.,*
146 Ill.2d 1 (Ill. 1991) ......................................................................................12

*Remijas v. Neiman Marcus Grp., LLC,*
No. 14-C-1735, 2014 WL 4627893 (N.D. Ill. Sept. 16, 2014)..............................13

*Siegel v. Shell Oil Co.,*
612 F.3d 932 (7th Cir. 2010) ............................................................................17

*Siegel v. Shell Oil Co.,*
656 F.Supp.2d 825 (N.D. Ill. 2009)....................................................................13

*Talbot v. Robert Matthews Distrib. Co.,*
961 F.2d 654. (7th Cir. 1992) ............................................................................19

*Tibor Mach. Prods., Inc. v. Freudenberg-NOK Gen. P'ship,*
967 F. Supp. 1006 (N.D. Ill. 1997)......................................................................7

*Thrasher-Lyon v. Illinois Farmers Ins. Co.,*
861 F.Supp.2d 898 (N.D. Ill. 2012)....................................................................13

*U.S. v. Cohen,*
930 F.Supp.2d 962 (C.D. Ill. 2013) ...................................................................20

*Vicom, Inc. v. Harbridge Merch. Servs. Inc.,*
20 F.3d 771 (7th Cir. 1994) ................................................................................5

*Walsh Chiropractic, Ltd. V. StrataCare, Inc.,*
2011 WL 4336727 (S.D. Ill. Sept. 14, 2011) ......................................................17

*Wolfkiel v. Intersections Ins. Servs. Inc.,*
303 F.R.D. 287 (N.D. Ill. 2014) ...................................................................16, 17

*Wright v. Family Dollar, Inc.,*
2010 WL 4962838 (N.D. Ill. 2010) ....................................................................16

*Zekman v. Direct Am. Marketers, Inc.,*
182 Ill.2d 359 (Ill. 1998) ..............................................................................8, 20

# TABLE OF AUTHORIES
(continued)

Page

**STATUTES**

815 ILCS 505/1(e) ................................................................................................ 12

815 ILCS 505/1(f) ................................................................................................ 12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ................................................................................... 1, 5, 6, 7

Fed. R. Civ. P. 12(b)(6) ................................................................................ 1, 5, 6

Fed. R. Civ. P. 12(f) ................................................................................... 19, 20

Fed. R. Civ. P. 23 ............................................................................................... 16

PUSHPIN HOLDINGS, LLC ("Pushpin"), LEASE FINANCE GROUP, LLC ("LFG LLC") and JAY COHEN ("Cohen") (collectively, "Defendants"), by and through their attorneys, Moses and Singer LLP and Levenfeld Pearlstein, LLC, and pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), move to dismiss the First Amended Complaint[1] ("FAC").

## I.   PRELIMINARY STATEMENT

The accusation that this case concerns forged lease agreements is implausible and completely at odds with the unfounded allegations in the FAC.  Here is what Plaintiffs allege: Businesses ("Lessees") owned and operated by Plaintiffs Gary Brassfield ("Brassfield") and Ronald Blankenship ("Blankenship") (collectively, "Plaintiffs" or "Guarantors") received credit card swipe machines.  They used the leased equipment for months, automatic payments for the leased equipment were deducted from their bank accounts for months, they tried fixing the leased equipment for months, and then sometime down the road, they stopped paying.  These allegations make absolutely no sense, and are in fact implausible, in light of their contention that the agreements for these machines were forged.

The reality is that Lessees failed to abide by their contractual obligations to pay for use of the leased equipment.  The Guarantors, sued pursuant to a fully executed personal guaranty (the "Personal Guaranty") guaranteeing certain obligations of the Lessees, now cry forgery to avoid their own contractual obligations.  But, as noted above, this fictional account directly contradicts Plaintiffs' allegations that Lessees received, used, paid for and attempted to remedy the leased equipment.  In other words, the Guarantors were aware of the lease agreements, and the Lessees were benefitting from and otherwise operating in accordance with the lease agreement terms.

---

[1] Exhibit A to the Baranello Declaration ("Baranello Dec.") is a true and correct copy of the FAC.

But the allegations that fly directly in the face of the forgery theory are only the tip of the iceberg. Even if the allegations of forgery survive the plausibility pleading requirements (which they cannot) and the heightened pleading requirements for fraud (which they do not), Plaintiffs fail to allege, in any meaningful way, what Defendants Pushpin, LFG LLC, and Cohen have to do with the allegations of forgery. Pushpin and LFG LLC purchased Lessee receivables and the right to enforce collection of those receivables. Pushpin and LFG LLC have nothing to do with the negotiation or execution of the lease agreement or Personal Guaranty. In fact, Blankenship executed his lease agreement years before Pushpin and LFG LLC even existed. There are no sufficient factual allegations supporting a claim of forgery, and even if there were, there are no plausible allegations that Defendants are somehow legally responsible for those claims.

Plaintiffs' second cause of action, for breach of contract, is similarly riddled with implausible allegations and does nothing to save the FAC. Plaintiffs' allegations in their second cause of action essentially concede the existence of enforceable agreements, including Personal Guaranties. Despite having knowingly entered into a Personal Guaranty agreement which contains an enforceable forum selection clause authorizing suit in Illinois state court, the Guarantors implausibly allege that Defendants breached the Personal Guaranty by violating a mandatory arbitration clause in the lease agreement (but not in the Personal Guaranty). As this Court is aware, the state court lawsuits filed by Pushpin and LFG LLC seek enforcement of the Personal Guaranty and its forum selection clause authorizing suit in Illinois state court (not the lease agreement which contained language regarding arbitration). In any event, Plaintiffs fail to plausibly allege damages and also waived any right to arbitrate claims in the lease agreement.

The theory of Plaintiffs' case is implausible – Lessees received equipment, paid for it, kept it, used it, tried to fix it…but never agreed to lease it. Moreover, Defendants have nothing

to do with this alleged forgery evidenced by Plaintiffs' failure to cite any connection whatsoever, and the underlying lawsuits themselves have nothing to do with the agreement Plaintiffs attempt to rely upon.  This action should be dismissed without leave to replead.

## II.  <u>ALLEGATIONS IN THE FAC</u>

This putative class action stems from judgments entered against Guarantors for failing to abide by their contractual obligations.   Plaintiffs allege that their signatures were forged on certain "Non-Cancelable Leases" [the "Lease Agreements"] for credit card swipe machines. FAC ¶1.  Plaintiffs also allege that their signatures were forged on Personal Guaranties, executed to secure the payments agreed to in the Lease Agreements.  *See* FAC, Ex. 4, p. 8 of 12 (the "Blankenship Guaranty"), *and id.*, Ex. 5, pp. 9 of 14 (the "Brassfield Guaranty").

Plaintiffs allege that non-party "Retriever Payment Systems caused [Blankenship's] signature to be forged on a Non-Cancellable Lease dated November 25, 2002[,] which bears the name of [non-party] Lease Finance Group[, a division of CIT Financial USA Inc.] on it." FAC ¶¶20, 24.  Blankenship's allegedly forged signature also appears on the Personal Guaranty.  *Id.* ¶22.  Blankenship kept his machine for at least seven months.  *Id.* ¶27.  He made numerous telephone calls in an attempt to fix his machine.  *Id.*  A monthly payment of $39.95 "was automatically deducted from his bank account" for months.  *Id.* ¶28.  Pushpin, who is not a signatory to Blankenship's Lease Agreement, and could not have been as Pushpin did not exist at the time, "violated the mandatory arbitration clause by filing suit against Blankenship on October 8, 2013 (Case No. 13-M1-155481)" and "obtain[ing] an *ex parte* judgment against Blankenship on January 6, 2014."  *Id.* ¶32.

As for Brassfield, a gentleman named Timothy George "left a credit card swiping machine at [Brassfield's], but said nothing about [Brassfield] signing any Lease."  FAC ¶35. Brassfield learned that his signature was allegedly forged "when Lease Finance started making

collection demands." *Id.* ¶36. The Brassfield Lease Agreement was allegedly forged on March 18, 2010. FAC, Ex. 5, p. 9 of 14. Brassfield made efforts to fix the credit card swiping machine. FAC ¶38. LFG LLC, who is not a signatory to Brassfield's lease Agreement, "violated the mandatory arbitration clause by filing suit against Brassfield on September 25, 2013 (Case No. 13-M1-152732)" and "obtain[ing] an *ex parte* judgment against Brassfield." *Id.* ¶41.

There are two counts in the FAC. Count I (the "ICFA Count") alleges violations of the ICFA by "filing suits against persons whose signatures were forged on Non-Cancellable Leases," despite that neither Pushpin nor LFG LLC were signatories, or acquiesced or otherwise participated, directly or indirectly, in any way with the alleged fraudulent behavior, i.e. the alleged forgeries of the Lease Agreements. *Id.* ¶61.

Count II (the "Breach of Contract Count") alleges breach of contract and is pled in the alternative to Count I. *Id.* ¶67. Plaintiffs claim that "if the Court were to find that the Plaintiffs' signatures were not forged on the Leases (or that Plaintiffs have failed to allege forgery and fraud)," then "the actions of Class Defendants in filing small claims collection cases are barred by the applicable mandatory arbitration clauses in the Leases," notwithstanding that Pushpin and LFG LLC sue Guarantors, not Lessees, and the Personal Guaranties have a forum selection clause authorizing suit. *Id.* ¶¶67-68.

## III.    THE PUTATIVE CLASSES

There are two putative classes. The first class consists of "all persons who were sued in small claims court in the last ten years in the Circuit Court of Cook County, Illinois[,] by the Class Action Defendants in violation of the mandatory arbitration clauses" (the "Arbitration Clause Class"). FAC ¶53. The second class consists of "all persons who were sued in small claims court in the last three years on Leases where their signature was forged in violation of the [ICFA]" (the "Forgery Class"). *Id.*

## IV.    LEGAL STANDARD FOR MOTION TO DISMISS

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he district court will not invent legal arguments for litigants,' and is 'not obliged to accept as true legal conclusions or unsupported conclusions of fact.'" *Cnty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) (internal citation omitted).

In addition to the requirements of Rule 12(b)(6), Rule 9(b) requires all allegations of fraud to be "state[d] with particularity." Fed. R. Civ. P. 9(b). "The rule requires the plaintiff to state the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom, Inc. v. Harbridge Merch. Servs. Inc.*, 20 F.3d 771, 777 (7th Cir. 1994); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736-37 (7th Cir. 2014) (emphasis added).

## V.    ARGUMENT

### A.    The ICFA Count Is Implausible and Fails to Satisfy the Heightened Pleading Requirements

The ICFA Count – that the Lease Agreements are forged – is implausible. Plaintiffs kept the leased equipment for months. FAC ¶27 (Blankenship kept his machine for at least "seven or eight months"); *Id.* ¶38 (Brassfield kept his machine). They paid for the leased equipment. $39.95 was automatically deducted from Blankenship's bank account "for a period of months." *Id.* ¶28. Payments were "taken from [Brassfield's] bank account." *Id.* ¶44. Someone obviously kept and paid for the leased equipment. How is this plausible if the Lease Agreements were forged? They complained about the leased equipment (but not that their lease agreements were

forged).[2]  *Id.* ¶27 (alleging that Blankenship made "numerous calls").  They tried to fix the leased equipment.  *Id.* ¶¶27, 38.  They even returned the leased equipment[3].  *Id.* ¶¶27, 39.

Moreover, Blankenship executed his Lease Agreement years before both Pushpin and LFG LLC even existed.  Pushpin was formed on February 4, 2010, and LFG LLC on November 2, 2005, and someone allegedly forged the Blankenship Lease Agreement (and Personal Guaranty) on November 25, 2002.  *See* Baranello Dec., Ex. B, Entity Details from the Delaware Department of State: Division of Corporations[4]; FAC ¶¶20 and 24.  Clearly, the ICFA Count for forgery is implausible, especially against these Defendants.  *See, e.g., Dix v. U.S.*, 09-cv-6349, 2010 WL 2607262, at *6 (N.D. Ill. June 24, 2010) (dismissing case when, "in light of judicial experience and common sense, Plaintiff has not nudged his claims to the level of *conceivability*, let alone plausibility"); *Iqbal*, 556 U.S. at 678.

In addition to the claim's implausibility, the ICFA allegations fail to allege forgery with the requisite particularity Rule 9(b) requires.  *Najieb v. Chrysler-Plymouth*, 01-C-8295, 2002 WL 31906466, at *9 (N.D. Ill. Dec. 31, 2002) (applying Illinois law) (claim of forgery under the ICFA dismissed when not plead pursuant to the heightened pleading requirements); *Johnson v. Pushpin Holdings, LLC*, 13-CV-7468, 2015 WL 1345768, at *7 (N.D. Ill. Mar. 23, 2015).  For Blankenship, the FAC alleges only that Blankenship was not at the store, and that a representative of non-party Retriever Payment Systems "caused his signature to be forged."  FAC ¶¶19-20.  For Brassfield, the FAC alleges bare-boned and conclusory allegations that

---

[2] The FAC lacks allegations that Blankenship ever complained that he did not agree to lease the equipment prior to being sued.
[3] Still, no allegations that they complained about forgery.
[4] As a general rule, courts "may take judicial notice of public records not attached to the complaint in ruling on a motion to dismiss under Rule 12(b)(6)."  *Olson v. Champaign County, Ill.*, __ F.3d __, No. 12-3742, 2015 WL 1934388, n. 1 (7th Cir. Apr. 30, 2015).

"Brassfield's signature was forged" and that a non-party salesman left a machine at his business. *Id.* ¶¶35-36.

Plaintiffs plead the ICFA Count in the alternative. This is proof that Plaintiffs do not, as a matter of law, allege the requisite particularity for the ICFA Count. *See, e.g.*, FAC ¶¶21, 36, 67 ("…if the Court were to find that the Plaintiffs' signatures were not forged…or that Plaintiffs have failed to allege forgery and fraud"). "A plaintiff may only assert contradictory statements of fact when he legitimately is in doubt about the fact in question." *Tibor Mach. Products, Inc. v. Freudenberg-NOK Gen. P'ship*, 967 F. Supp. 1006, 1014 (N.D. Ill. 1997); *American Int'l. Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996).

Therefore, Plaintiffs concede that they doubt whether they signed the Lease Agreements and Personal Guaranties. Their doubts are a concession that they fail to satisfy the heightened pleading requirements of Rule 9(b). Finally, the Court must recognize that Plaintiffs ask the Court for permission "to rescind their transactions with defendants" as part of its prayer for relief in the ICFA Count. FAC ¶66(e). If there was never an enforceable agreement, then why do Plaintiffs seek rescission? The ICFA Count is implausible and fails to satisfy the heightened pleading requirements.

**B.     The ICFA Count: Defendants Have Nothing to Do with Forgery**

Even if the Court determines that Plaintiffs sufficiently allege forgery, the claims are improperly asserted against Pushpin and LFG LLC. Plaintiffs do not allege (because they cannot) that Pushpin or LFG LLC entered into, participated or negotiated the Lease Agreements. Plaintiffs do not allege (because they cannot) that Pushpin or LFG LLC even knew that the Lease Agreements or Personal Guaranties were allegedly forged. Rather, Pushpin and LFG LLC acquired Lessee receivables. For this reason, Defendants cannot be liable for an ICFA violation.

The ICFA covers only "actions directly done by the perpetrator of the fraud." *Zekman v. Direct Am. Marketers, Inc.*, 182 Ill.2d 359, 369 (Ill. 1998) ("knowingly receiving the benefits of another's fraud is not actionable"); s*ee also Jackson v. S. Holland Dodge, Inc.*, 197 Ill.2d 39, 258 Ill.Dec. 79, 755 N.E.2d 462, 471 (Ill. 2001) ("[T]here are no specific factual allegations that Chrysler directly participated in a scheme with the dealership to misrepresent facts to the plaintiff."); *Brown v. SBC Commc'ns, Inc.*, 2007 WL 684133, at *3 (S.D. Ill. Mar. 1, 2007) (holding that "merely aiding and abetting an ICFA violation…is not actionable as a violation of section 2 of the statute"); *Jenkins v. Mercantile Mortg. Co.*, 231 F.Supp.2d 737, 748 (N.D. Ill. 2002) ("Here, Jenkins has not alleged any participation in an active scheme or direct action by PCFS, so she cannot state a claim of direct or pre-assignment fraud against PCFS.")

The facts at issue are similar to another Northern District case which dismissed ICFA claims against an assignee of an allegedly forged document. *Herrera v. The North & Kimball Group, Inc.*, No. 01-C-7349, 2002 WL 253019 (N.D. Ill. 2002). In *Herrera*, an unknown agent of Standard Leasing allegedly forged her signature on an installment contract. Standard Leasing assigned the installment contract to Firstar Bank. Herrera claimed that Firstar Bank was liable for an ICFA violation because it was an assignee of the allegedly forged contract. The court disagreed and dismissed the ICFA claim against Firstar Bank. Citing *Zekman*, the court held that the complaint "lack[ed] any allegation that Firstar participated directly in Standard Leasing's alleged [I]CFA violations" and dismissed the claim against Firstar. *Id.* at *5.

Plaintiffs allege that "Retriever Payment Systems caused [Blankenship's] signature to be forged." FAC ¶20. Plaintiffs allege that a certain Timothy George "left" a credit card swiping machine at Brassfield's business and that his Lease Agreement was a forgery. *Id.* ¶¶35-36. Plaintiffs do not allege who forged the Brassfield Lease Agreement, and certainly do not allege

that Pushpin or LFG LLC forged it. There are no allegations that Pushpin, LFG LLC, or Cohen participated in any way in the forgery of Lease Agreements, or even knew they were forged at any time. For this reason, the ICFA Count should be dismissed.

C.     **Plaintiffs Fail to Plead a Claim Under the ICFA**

Should the Court determine that the forgery allegations are plausible against these Defendants and satisfy the heightened pleading requirements, Plaintiffs nevertheless fail to adequately plead a private cause of action under the ICFA. To do so, a plaintiff must allege the following elements: (1) a deceptive or unfair practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; (3) that the deceptive or unfair practice occurred in the course of conduct involving trade or commerce; (4) actual damage to the plaintiff; and (5) that such damages were proximately caused by the defendant's deceptive or unfair practice. *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 856 (Ill. 2005).

D.     **The ICFA Count Fails to State a Claim Against Defendants**

1.     **Defendants Committed No Deceptive Acts**

Defendants (but not Cohen) file lawsuits in state court pursuant to enforceable Personal Guaranty Agreements. That is the crux of this case. FAC ¶45, 61 ("Class Action Defendants violated the [ICFA] by filing suits. . . ."). Filing lawsuits is not deceptive and does not violate the ICFA.[5] FAC ¶61 (Defendants allegedly violated the ICFA by "filing suits" which is "unfair and deceptive.")[6] Plaintiffs try to tie in the specific act of forging the signatures with the initiation of lawsuits. But the two acts – the alleged forging and the filing – are completely

_____

[5] "Under Illinois law, the only cause of action recognized for the wrongful filing of a lawsuit is one for malicious prosecution or abuse of process." *Havoco of America, Ltd. v. Hollobow*, 702 F.3d 643, 647 (7th Cir. 1983).

[6] As discussed *infra*, (i) there can be no claim at all against Cohen, who is not a party to any lawsuit, and (ii) Pushpin and LFG LLC sue on the Personal Guaranties against Guarantors, not on the Lease Agreements as Plaintiffs try to argue.

separate and independent of each other. Neither Pushpin nor LFG LLC executed or negotiated the Lease Agreements. FAC ¶24 (Blankenship's Lease Agreement was signed by non-party Lease Finance Group, a division of CIT Financial USA, Inc.[7]); *id.* ¶37 (non-party Retriever Payment Systems signed Brassfield's Lease Agreement). In fact, Blankenship executed his Lease Agreement years before both Pushpin and LFG LLC even existed. *See* Baranello Dec., Ex. B. And Plaintiffs do not (because they cannot) allege that Timothy George, the alleged sales representative for Brassfield, is affiliated in any way with any of the Defendants. FAC ¶35.

Instead, the only alleged act that involves Pushpin and LFG LLC (but not Cohen) is the filing of lawsuits. "Under the ICFA, [an act] 'is deceptive if it creates a likelihood of deception or has the capacity to deceive.'" *Muir v. Playtex Prods., LLC*, 983 F. Supp. 2d 980, 987 (N.D. Ill. 2013) (quoting *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001)). There is nothing "deceptive" about filing a lawsuit. The filing of a lawsuit is open, notorious, and subject to due process under the Illinois and United States Constitutions. Moreover, the plain terms of the Guaranties defeat any claim of fraud, misrepresentation, or deception because the Personal Guaranty agreements plainly provide that the guarantor "unconditionally Guaranties" the underlying debt of the lessee and that the state or federal courts in Cook County, Illinois, will resolve any controversies concerning the Guaranties. *See* Blankenship & Brassfield Guaranty; *see also Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 609 (7th Cir. 2013) (holding that terms of the contract were not deceptive because "[t]he substance of the transaction was clearly and fully disclosed"). Here, the underlying state court lawsuits were filed against the Guarantors pursuant to the Guaranties' enforceable forum selection clause authorizing suit. In any event, the FAC

---

[7] LFG LLC and Lease Finance Group, which was a division of CIT Financial USA, Inc., are separate and distinct entities. *See* Baranello Dec., Ex. B.

further lacks any allegation that Pushpin or LFG LLC even knew the Lease Agreements or Personal Guaranties were allegedly forged.

### 2.     Defendants Did Nothing "Unfair"

Plaintiffs also fail to allege an unfair practice. This, additionally, justifies dismissal. To properly plead an unfair practice, "a plaintiff must [additionally] plead that the practice: (1) offends public policy; (2) is immoral, unethical, oppressive, or unscrupulous; and (3) causes substantial injury to consumers." *Aliano v. Ferriss*, 2013 IL App (1st) 120242 at ¶18, 988 N.E.2d 168, 174 (Ill. App. Ct. 2013), *appeal denied*, 996 N.E.2d 9 (Ill. 2013). Plaintiffs fail to allege: (1) the public policy offended by anything Defendants said or did; (2) why anything Defendants did is "immoral, unethical, oppressive or unscrupulous"; and (3) why, in the context of non-consumer Personal Guaranties, anything Defendants said or did "cause[d] substantial injury to consumers." This requires dismissal. Again, Pushpin and LFG LLC (but not Cohen) filed lawsuits (against persons whose signatures were allegedly forged).[8]

### 3.     Plaintiffs Fail to Allege "Reliance"

Plaintiffs fail to plead in any way that Defendants "intended that the plaintiff rely on the deceptive or unfair practice." *Avery*, 835 N.E.2d at 850. Defendants file lawsuits to enforce their rights pursuant to Personal Guaranties. Plaintiffs cannot (and do not) allege that Defendants intended Plaintiffs to rely on any misrepresentation, intentionally deceptive, unfair or otherwise; instead, Defendants filed suit to enforce their rights. Indeed, how can Defendants intend to deceive or do anything unfair if there are no allegations that Defendants knew or should have known that the Lease Agreements or Personal Guaranties were allegedly forged?

---

[8] Plaintiffs may argue that their ICFA allegations extend beyond the filing of lawsuits. *See, e.g.*, FAC ¶43 (alleging that LFG LLC sent Brassfield "various deceptive and misleading collection notices.") These allegations are misleading. The only act Plaintiffs allege violates the ICFA is the "filing" of lawsuits. *Id.* ¶61.

### 4. The Allegations Do Not Involve "Trade" or "Commerce"

Plaintiffs also fail to satisfy the third ICFA element because Plaintiffs' allegations do not involve "trade" or "commerce" nor are the Plaintiffs "consumers." The terms "trade" or "commerce" is defined as "the advertising, offering for sale, sale, or distribution of any services and any property…or thing of value wherever situated, and shall include any trade or commerce." 815 ILCS 505/1(f). Here, the FAC is devoid of allegations that Defendants advertise or sell any product or service. *Cf., People ex. rel. Daley v. Datacom Sys. Corp.*, 146 Ill.2d 1 (Ill. 1991) (Datacom was a company that other entities, like the City of Chicago, specifically hired to collect outstanding parking tickets. This is the reason Datacom was a "debt collector" – someone paid it to collect debt). Pushpin and LFG LLC do not collect debt for anyone. No one has hired them to do so. *Daley* is inapposite. *But see Johnson v. Pushpin Holdings, LLC*, 2013-CV-7468, 2015 WL 1345768, (N.D. Ill. Mar. 23, 2015).

### 5. Plaintiffs Are Not "Consumers"

Plaintiffs additionally concede they are not consumers.[9] First, the action concerns leases. Plaintiffs do not, nor can they, allege that they purchased or contracted to purchase anything from Defendants, because they did not. Second, and notwithstanding that the Lease Agreements do not concern the purchase of equipment, Plaintiffs allege that they did not sign Lease Agreements. Third, Plaintiffs are businesspeople. FAC ¶¶ 9-10 ("Blankenship operates a shoe repair business…Brassfield operates an oil lube shop.") Additionally, Plaintiffs do not even allege, because they cannot, that the conduct at issue "is directed to the market generally or that

---

[9] Under the ICFA, a consumer is "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e).

the conduct otherwise implicates consumer protection concerns." *Frazier v. U.S. Bank Nat'l Ass'n*, No. 11 C 8775, 2013 WL 1385612, at *3-*4 (N.D. Ill. Apr. 4, 2013).[10]

### 6.     Plaintiffs Fail to Allege Damages

Plaintiffs fail to adequately allege damages stemming from the ICFA Count.  Plaintiffs do not allege that they have satisfied the judgments entered against them or that they have incurred actual damages as a result of alleged misleading letters.  *See* FAC ¶43; *see, e.g., Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F.Supp.2d 898, 912 (N.D. Ill. 2012) ("a plaintiff must allege actual damages and the actual damages must arise from purely economic injuries") (citations omitted). Alleged withdrawals (*see* FAC ¶¶28, 31, 44) were pursuant to contract and recourse is in a contract action, not the ICFA.  And allegations that the entry of judgments will adversely affect their credit reports (*Id.*, ¶¶34, 44) are too speculative to warrant this Court's consideration.  *See, e.g., Remijas v. Neiman Marcus Grp., LLC*, No. 14-C-1735, 2014 WL 4627893, at *2 (N.D. Ill. Sept. 16, 2014) (future harm must be "certainly impending.") (quoting *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1147 (2013)).  Plaintiffs cannot manufacture damages through this lawsuit by claiming they incurred costs mitigating the risks of injury from a judgment obtained in a lawsuit they decided not to defend.

### 7.     Plaintiffs Fail to Allege That Defendants Proximately Caused Damages

Finally, Plaintiffs do not allege that Defendants proximately caused damages.  *See, e.g., Siegel v. Shell Oil Co.*, 656 F.Supp.2d 825, 832 (N.D. Ill. 2009) (dismissing action where plaintiff could not establish that they were actually deceived by the Defendants).  The alleged forgeries are the alleged source of Plaintiffs' alleged injuries.  Plaintiffs argue that, "but for" the forgeries, Defendants would have no Lease Agreement or Personal Guaranty to sue upon and

---

[10] Additionally, both Lease Agreements state that "under no circumstances shall this lease be construed as a consumer contract."  FAC, Ex. 4, p. 8 of 12; Ex. 5, p. 9 of 14.

Plaintiffs would incur no damages.  As discussed *supra*, Plaintiffs do not allege that any of the Defendants forged the Lease Agreements or Personal Guaranties.

### E.      The Breach of Contract Count Fails to State a Claim

In the Breach of Contract Count of the FAC, Plaintiffs allege that the Lease Agreements require arbitration and that Defendants breached the Lease Agreements by filing lawsuits as opposed to arbitrating disputes.  "Under Illinois law…a breach of contract claim must allege four elements: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages."  *Goldberg v. 401 N. Wabash Venture LLC*, No. 09-C-6455, 2010 WL 1655089 at *11 (N.D. Ill. Apr. 22, 2010) (J. St. Eve, J.).  Plaintiffs fail to adequately allege any of these elements.

### 1.      The "Valid and Enforceable Contract"

Plaintiffs fail to allege a contract with Cohen (because there is none).  Only Pushpin enforced its rights against Blankenship, and LFG LLC against Brassfield, and both pursuant to Personal Guaranties, not Lease Agreements.  *See* FAC, Ex. 4, ¶¶10-13; Ex. 5, ¶¶10-13. Therefore, at the very least, Plaintiffs may not maintain the Breach of Contract Count against Cohen.  *See, e.g., Credit Gen. Ins. v. Midwest Indem. Corp.*, 916 F.Supp. 766, 772 (N.D. Ill. 1996) (Williams, J.) ("Defendants do not provide caselaw to support a finding that a non-party to a contract can breach that contract.  In fact, such a claim is ludicrous.").  Mysteriously, missing from the FAC is an allegation that any agreement exists.

### 2.      Plaintiffs Do Not Allege Substantial Performance

In addition to the failure to allege a valid and enforceable contract, Plaintiffs do not allege that they substantially performed under the inapplicable Lease Agreements.  Nor did Plaintiffs comply with their obligations as Guarantors under the Personal Guaranties.  Under Illinois Law, a "party cannot sue for breach of contract without alleging and proving that he has himself

substantially complied with all the material terms of the agreement." *Costello v. Grundon*, 651 F.3d 614, 640 (7th Cir. 2011) (citation omitted).

### 3. Defendants Did Not Breach

Not only do the Plaintiffs fail to allege substantial performance, they fail to demonstrate that Defendants committed a breach. Throughout the FAC, Plaintiffs mistakenly rely on the alleged mandatory arbitration clause in Paragraph 21 of the underlying Lease Agreements. *See, e.g.,* FAC ¶¶ 22-23, 40 (wherein the Plaintiffs cite to the inapplicable Lease Agreements, and not the Personal Guaranties). The Lease Agreements and Personal Guaranties are two separate and distinct contractual agreements. *See, e.g., Johnson v. Pushpin Holdings, LLC*, 2013-CV-7468, 2015 WL 1345768, at *6 (N.D. Ill., Mar. 23, 2015); *Armbrister v. Pushpin Holdings, LLC*, 896 F.Supp.2d 746, 755 (N.D. Ill. 2012).[11] Here, the operative agreement in the state court actions is the Personal Guaranty and the Personal Guaranty does not contain an arbitration clause.

### 4. Plaintiffs Sustained No Damages

Finally, Plaintiffs fail to allege any actual damage from any alleged breach of contract. The FAC does not contain plausible allegations that Plaintiffs have incurred actual damage by any alleged failure, neglect, or refusal of Defendants to arbitrate.[12] *See Advance Iron Works, Inc. v. John Edwards Constr. Co.*, 02-C-0014, 2004 WL 2044123, at *3 (N.D. Ill. Sept. 9, 2004) (finding no damages from the failure to mediate despite the parties' contractual mediation clause). Plaintiffs fail to allege that they satisfied state court judgments. Nor do Plaintiffs' additional alleged damages, deductions of money from their checking accounts (*see, e.g.,* FAC

---

[11] The *Johnson* and *Armbrister* courts considered substantially similar lease agreements and Guaranties to those before this Court. The cases are not factually distinguishable for this point.

[12] Tellingly, Plaintiffs allege the state court lawsuits are "cost prohibitive" because they require state court defendants "to travel to Chicago." FAC ¶47. But the alleged mandatory arbitration clause also requires travel to Chicago. *See* FAC, Ex. 4, p. 9 of 12, ¶21; Ex. 5, p. 11 of 14, ¶21 ("[a]ny arbitration shall take place in Chicago, Illinois").

¶¶ 28-3), have anything to do with the filing of lawsuits instead of any allegedly required arbitrations. Moreover, Plaintiffs had an opportunity during the state court proceedings to oppose Defendants' contractually selected forum and to demand arbitration, but chose to remain in state court, where they were afforded all rights of any litigant in a state court proceeding.

In fact, Plaintiffs waived their right to arbitrate. Plaintiffs never demanded arbitration. Defendants never resisted arbitration. *Gyptec Iberica v. Alstom Power Inc.*, No. 10-C-128, 2010 WL 3951466, at *1 (N.D. Ill. Oct. 5, 2010) (citing 9 U.S.C. § 4). Plaintiffs have not filed a petition, moved to compel arbitration, or otherwise alleged that they demanded arbitration at any time. For these reasons, the Breach of Contract Court should be dismissed.

### F. The Court Should Strike All Class Allegations

Under Rule 23 of the Federal Rules of Civil Procedure, the Plaintiffs must demonstrate "questions of law or fact common to the class." They fail to do so. Plaintiffs fail to allege how the unique, individual circumstances of their forgery story are common to all putative class members. Further, given that allegations of forgery require a fact-specific inquiry, Plaintiffs fail to allege any facts that permit this Court or Defendants to infer that the putative class members are somehow affected by the same particularized facts.

Consistent with Rule 23, a court may deny class certification at "an early practicable time," even before the plaintiff files a motion requesting certification. *Kasalo v. Harris & Harris*, 656 F.3d 557, 563 (7th Cir. 2011). Particularly when pleadings "are facially defective and definitively establish that a class action cannot be maintained," the court can properly grant a motion to strike class allegations at the pleading stage. *Wright v. Family Dollar, Inc.*, 2010 WL 4962838, at *1 (N.D. Ill. 2010). Plaintiffs have not yet filed a motion for class certification. Accordingly, the court's review is "limited to whether the class allegations in the Complaint are

facially and inherently defective to establish a class action." *Wolfkiel v. Intersections Ins. Services Inc.*, 303 F.R.D. 287, 292-93 (N.D. Ill. 2014).

Fraud claims, like those here, are particularly unlikely to meet the predominance requirement because they are "plaintiff-specific." *See Nagel v. ADM Investor Serv., Inc.*, 217 F.3d 436, 443 (7th Cir. 2000) (affirming denial of class certification where "the complaints alleged fraud, which is plaintiff-specific, [and] issues common to all the class members were not likely to predominate over issues peculiar to specific members."); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935-36 (7th Cir. 2010) (affirming denial of class certification of ICFA claims: "[b]ecause of the need for individualized proof of causation, the district court held that common issues did not predominate." The district court held that adjudication of ICFA deception class claim would require court "to determine whether Defendants deceived each putative class member and whether the individual plaintiff was damaged by the deception"); *Walsh Chiropractic, Ltd. V. StrataCare, Inc.*, 2011 WL 4336727, at *9 (S.D. Ill. Sept. 14, 2011) (ICFA claim "cannot be certified for class action because the need for individualized proof of causation predominates") (citing cases). Indeed, Plaintiffs fail to state *any* allegations that support the fraud, and further, how the allegedly fraudulent practices share common questions of law or fact. *See* FAC ¶¶53-57 ("Class Allegations"). Resolution of these issues on a class-wide basis requires investigation into different circumstances of each alleged member of the putative class.

Even the circumstances of the named Plaintiffs are different, evidencing the fact-intensive inquiry for the forgery claim. *Compare* FAC ¶19 (Blankenship was not in his store and a non-party Retriever Payment Systems representative left a machine with his assistant) to ¶35 (non-party Timothy George met Brassfield personally and said nothing about signing any Lease Agreement). Even at this early stage it is evident that the class allegations do not – and

cannot – meet the commonality requirement. *See Ellis v. Elgin Riverboat Resort*, 217 F.R.D. 415, 427 (N.D. Ill. 2003) (holding that since the court "must consider numerous variables to resolve each class member's claim," the purpose and benefits of a class proceeding are "defeat[ed]"). Plaintiffs' failure to articulate *any* common features concerning the forgery is further evidenced by the FAC's "common allegations." FAC ¶¶45-52. Rather than explaining how the Plaintiffs were similarly victims of forgery, the FAC merely contains a conclusory allegation that "the persons that are victims of these practices are typically sole proprietors or persons operating small businesses." *Id.* ¶ 45. This conclusory allegation sheds no light on how the forgery allegedly occurred in a common manner.

Any alleged damages claims are also highly fact-specific. Blankenship's alleged damages are factually unique to Brassfield's. FAC ¶31 (Blankenship alleges an additional $500 that was allegedly "wrongfully taken"). There will be individualized inquiries into any alleged damages for each putative class member. *See, e.g., Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 773 (7th Cir. 2013) (holding that individual damages issues that would "require 2341 separate evidentiary hearings" prevented certification). Further, Plaintiffs' allegations establish that individual issues predominate over any common issues. The ICFA claim hinges not only on the lawsuits, but obviously the underlying forgery as the predicate act (for without the forgery, presumably Defendants did not violate the ICFA). *Id.* ¶59. In determining what is considered unfair or deceptive, the court will need to inquire as to each individual plaintiff and his or her surrounding circumstances. Thus, the resolution of these issues will be different for each putative class action member and will require class-member-by-class-member inquiries, as well as proof of causation and any associated remedies on an individual basis.

Moreover, the specific claims for relief that Plaintiffs seek further evidence why class certification is inappropriate. For instance, Plaintiffs seek an order allowing the putative class member to rescind their transactions with Defendants (even though the ICFA Count alleges that there are no enforceable agreements). FAC ¶¶66(e), 68(d). Certification of a class seeking rescission is not appropriate in this District. *See, e.g., Murry v. America's Mortg. Banc, Inc.*, No. 03-C-5811, 2005 WL 1323364, at *11 (N.D. Ill., May 5, 2005); *Andrews v. Chevy Chase Bank*, 545 F.3d 570, 574 (7th Cir. 2008) ("Rescission is a highly individualized remedy as a general matter. . . .") For these reasons, and should the Court deny this motion, the Court should strike the class allegations so the case proceeds only on behalf of Blankenship and/or Brassfield.

### G. The Court Should Strike Scandalous Allegations (FAC ¶¶6-8, 66)

If the Court does not dismiss the FAC in its entirety, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court should strike allegations of a 2013 settlement between Northern Leasing Systems Inc. and its affiliates and the New York Attorney General (the "New York Settlement") in FAC ¶¶ 6-8 and 66 because there are no facts to support the conclusion that the allegations relate in any way to consumer fraud in Illinois. "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664. (7th Cir. 1992). Prejudice results where the allegation has the effect of confusing the issues. *See Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997) (striking alter ego allegations).

Plaintiffs characterize Defendants' practices in New York as "not very different" from Defendant's practices in Illinois. FAC ¶8. However, "[s]imply stating that the sales practices are the same in two different states during two different time periods without any factual support is insufficient to satisfy the pleading requirement." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014) (finding that plaintiff failed to satisfy Rule 9(b)'s pleading

requirements where he implied that a settlement with the New York Attorney General supports allegations of fraudulent sales practices in Illinois). Here, Plaintiffs intertwine the New York Settlement with allegations against Pushpin, LFG LLC and Cohen in the FAC for no purpose other than to confuse and conflict the issues and cast Defendants in a derogatory light. The New York Settlement involves different parties, facts, allegations and law and is wholly unrelated to this Illinois action. Plaintiffs' mention of this unrelated matter is a red herring and an attempt at guilt by association. These paragraphs should be stricken from the FAC pursuant to Rule 12(f).

### H. The Court Should Dismiss All Claims Against Cohen

Plaintiffs allege no specific acts (or resulting damage) from any acts specifically attributable to Cohen. Cohen does not file lawsuits, which form the sole basis of both causes of action. Again, the ICFA covers only "actions directly done by the perpetrator of the fraud." *Zekman*, 182 Ill.2d at 369. Moreover, the allegations that Cohen is an "alter-ego" of the corporate Defendants (FAC ¶14) are insufficient as a matter of Delaware law.[13] *See, e.g., Medtronic Navigation, Inc. v. St. Louis Univ.* 12-cv-01706, 2013 WL 5323307, at *9 (D. Colo. Sept. 23, 2013) (applying Delaware law) (Delaware law requires "exclusive domination and control…to the point that [the company] no longer has legal or independent significance of its own…[and] the underlying cause of action, at least by itself, does not supply the necessary fraud or injustice.").

## VI. CONCLUSION

For the reasons stated herein, the Court should dismiss the FAC in its entirety without leave to replead. In the alternative, the Court should strike the scandalous paragraphs (FAC ¶¶6-8 and 66) and all class allegations.

---

[13] "Illinois law provides that efforts to pierce the corporate veil are governed by the law of the state of incorporation." *U.S. v. Cohen*, 930 F.Supp.2d 962, 986 (C.D. Ill. 2013). Pushpin and LFG LLC are incorporated in Delaware. Baranello Dec., Ex. B.

Dated: May 8, 2015                        Respectfully submitted,


By:   /s/ John V. Baranello          

Jason Hirsh
Levenfeld Pearlstein, LLC
2 N. LaSalle St., Suite 1300
Chicago, Illinois 60602

Scott E. Silberfein (admitted *pro hac vice*)
John V. Baranello (admitted *pro hac vice*)
Moses & Singer LLP
405 Lexington Avenue
New York, New York  10174-1299

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, John V. Baranello, an attorney, hereby certify that on January 13, 2015, I electronically filed Defendants' **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE SCANDALOUS AND CLASS ALLEGATIONS THEREFROM** and the **DECLARATION OF JOHN VINCENT BARANELLO**, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

Howard B. Prossnitz, Esq.
Law Offices of Howard B. Prossnitz
218 North Jefferson, Suite 300
Chicago, Illinois 60661

/s/ John V. Baranello
JOHN V. BARANELLO