IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD W. BLANKENSHIP, <br> and GARY BRASSFIELD, <br> on behalf of themselves and all others <br> similarly situated, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> PUSHPIN HOLDINGS, LLC, LEASE <br> FINANCE GROUP LLC, and JAY <br> COHEN, <br> <br> Defendants. | Case No. 1:14-cv-06636 (ASE) (JTG) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Defendants, PUSHPIN HOLDINGS, LLC ("Pushpin"), LEASE FINANCE GROUP LLC ("LFG"), and JAY COHEN ("Cohen") (collectively, "Defendants"), respectfully submit this Reply in support of their Motion to Dismiss the Second Amended Complaint and state as follows:

**PRELIMINARY STATEMENT**

Plaintiffs do not and cannot explain how, if the lease agreements at issue were forged, Defendants (or anyone else) obtained their personal bank account information to engage in unauthorized ACH withdrawals. This failure and its inherent inconceivability belie the very notion of plausibility. But this is just the tip of the iceberg.

Plaintiffs' contention that the "continuing violation" doctrine saves their time-barred claims is unequivocally false. The "continuing violation" doctrine specifically precludes a plaintiff from relying upon a series of discrete acts, each independently actionable, in order to press the reset button on the statute of limitations. Yet, this is exactly what Plaintiffs solely

2932353v3 011082.0163

argue. Specifically, Plaintiffs plead a veritable litany of discrete alleged wrongful acts, each with alleged corresponding monetary damage, and each occurring well beyond the statute of limitations. Consequently, the "continuing violation" doctrine cannot save Plaintiffs' claim.

Even if the "continuing violation" doctrine applies, and it does not, Plaintiffs have failed to plead an essential element of their claim – actual damages. Plaintiffs contend that the "continuing violation" culminated in the small claims judgments in 2014. According to Plaintiffs, the resulting injury is the judgment and the possibility of adverse credit reporting. What Plaintiffs do not allege (because they cannot) is that the judgments have been satisfied, that one dollar has been collected from them, that any adverse credit report related to them has come to pass or that they have anything other than a highly speculative (which is not actionable) fear of adverse credit reporting. Thus, to the extent the "continuing violation" doctrine applies, Plaintiffs fail to plead the essential element of actual damages and the SAC should be dismissed.

Finally, following the Court's direction, Plaintiffs amended their pleading to remove the alternative breach of contract claim that Defendants breached their obligation to arbitrate. While Plaintiffs removed their cause of action for breach of contract, they failed to remove the allegations concerning Defendants' alleged failure to abide by a <u>contractual</u> arbitration provision. As the only claim currently before the Court is for fraud under the ICFA, the allegations regarding the arbitration provision are irrelevant and should be stricken.

In the end, Plaintiffs' SAC should be dismissed in its entirety or, alternatively, the Court should strike the irrelevant paragraphs concerning alleged arbitration provisions.

**ARGUMENT**

    A.    ***The Continuing Violation Doctrine Is Inapplicable***

"The purpose of the continuing violation doctrine is not to reset the statute of limitations every time an individual act occurs." *Lockhart v. HSBC Finance Corp.*, 13-C-9323, 2014 WL

3811002, at *10 (N.D. Ill., Aug. 1, 2014). This is exactly what Plaintiffs attempt to argue. Well-established precedent dictates that the "continuing violation" doctrine is inapplicable. Plaintiffs cannot avoid the bar of the statute of limitations, this Court cannot consider acts occurring beyond the three-year statute of limitations, and Plaintiffs fail to state a claim.

As a preliminary matter, Plaintiffs glide past each and every case cited in Defendants' Motion. Plaintiffs do not acknowledge, distinguish, or even recognize, one single case Defendants cite. This, on its own, warrants dismissal. *See, e.g., Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1040 (7th Cir. 1999) (courts will not "try to discover whether there might be something to say against the defendant's reasoning…In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so.") (citing cases).

In any event, the statute of limitations is intended to prohibit exactly what Plaintiffs do here – attempt to rely upon independently actionable events that took place years ago. In *Kovacs v. United States*, 614. F.3d 666, 676 (7th Cir. 2010), the Seventh Circuit made crystal clear "*the continuing violation doctrine…does not apply to a series of discrete acts, each of which is independently actionable, even if those acts form an overall pattern of wrongdoing.*" *Kovacs*, 614 F.3d at 676 (emphasis added). This means that Plaintiffs cannot breathe new life into independently actionable (but stale) claims, (*i.e.*, damages for alleged withdrawals, or an allegedly defective machine that happened as far back as 2002), simply by citing the "continuing violation" doctrine. *See, e.g., American Kitchen Delights, Inc. v. John Soules Foods, Inc.*, 2015 WL 4897506, at *4, n.6 (N.D. Ill. Sept. 29, 2014) quoting *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 436 (7th Cir. 2009) ("[T]he multiple reports…constituted separate, discrete acts, even one of which would have given rise to a cause of action under Hukic's [defamation] theory. As such, the continuing violation rule does not apply.")

Even a cursory review of the SAC indisputably refutes Plaintiffs' argument on this point. As noted in the Motion, Plaintiffs repeatedly allege discrete wrongful acts and corresponding and distinct monetary injury accruing well beyond the statute of limitations:

- In 2002 or 2003 Blankenship's machine did not work properly and cards did not swipe correctly, and some transactions did not process, "resulting in monetary damages to him." SAC, par. 25.

- $39.95 was "automatically" deducted (how, we still do not know) from his bank account for months, in 2002 and/or 2003. "Blankenship was thereby damaged." *Id.*, par. 26.

- Around the same time, he alleges that credit card customer money should have been directly deposited into his account, and it was not, and he was "thereby damaged in not having use of his money." *Id.*, par. 27-28. $500 was wrongfully taken out of his account. *Id.*

- Blankenship's "machine never worked properly. He turned it in after seven or eight months" and "transactions may not have been processed at all resulting in monetary damage to him." *Id.*, par. 25.

- Brassfield alleges that "payments [were taken] from his bank account" years before the filing of suit. *Id.*, par. 36-37.

Each of the above-referenced allegations could have served as independently actionable events, each complete with their own alleged damage. At any point described above, Plaintiffs knew, or should have known, that they were damaged. As such, the filing of lawsuits does not toll these separately actionable events, and they are cut-off by the statute of limitations for purposes of this lawsuit. These allegations, of course, are antithetical to the "continuing violation" doctrine and indisputably demonstrate its inapplicability.

The cases relied upon by Plaintiffs are easily distinguishable, misapplied and irrelevant. In *Gredell v. Wyeth Labs, Inc.*, 346 Ill. App. 3d 51, 59 (1st Dist. 2004), the Court specifically did

not apply the continuing violation rule and ruled that it could not save the plaintiffs' claims[1]. *Beal v. Wyndham Vacation Resorts, Inc.*, 956 F. Supp. 2d 962 (W.D. Wis. 2013) merely acknowledged the "continuing violation" doctrine, distinguished it from "discrete acts actionable on their own" and then applied Wisconsin law to determine whether the doctrine should apply to an invasion of privacy and private nuisance claim. Thus, these *inapposite* and non-binding decisions are much ado about nothing.

     Plaintiffs' reliance upon the "discovery rule" is equally misplaced. The discovery rule provides that the statute of limitation cannot accrue until the plaintiff knows or reasonably should know that she was injured and that the injury was wrongfully caused. *Superior Bank FSB v. Golding*, 152 Ill.2d 480, 488 (1992). Plaintiffs' allegations are not complex – Plaintiffs allege they incurred monthly automatic withdrawals, received machines that did not work, were charged fees they did not agree to, tried contacting someone to fix their machines to no avail, etc. At any point in time, Plaintiffs could have – and should have – inquired whether they had legal claims with respect to the alleged facts. It makes no sense that Blankenship and Brassfield would endure monthly automatic payments for machines that did not work and they never agreed to without understanding that they were the victim of a wrongful act.[2] And it is nonsensical for Plaintiffs to allege they were damaged at various points over the years (and outside the statute of limitations) and then try to argue that the "discovery rule" applies because Plaintiffs did not learn they were damaged until more recently. *See, e.g., Estate of Sarocco v. General Elec. Co.*, 939

---

[1] Plaintiffs state that "The *Gredell* court applied the continuing violation doctrine to reverse the trial court's dismissal of the case as time barred." Opp. Br. 6. That is wrong and misleading. The Court actually held that the lower court should have considered the "discovery rule" and reversed and remanded to the trial court for further proceedings.

[2] For the purposes of clarification, Defendants reject any assertion that any of them did anything wrongful or caused any damage to either Plaintiff.

F.Supp. 91, 96 (D. Mass. 1996) ("a plaintiff cannot make use of the discovery rule by putting his or her head in the sand. In other words, a party cannot close its eyes to easily discernible facts."); *Carey v. Kerr-McGee Chemical Corp.*, 999 F.Supp. 1109, 1116 (N.D. Ill. 1998) ("the question is not what plaintiffs actually knew or even could have known, but what they reasonably should have known.") Further, and significantly, in order for the "discovery rule" to be properly pled, Plaintiffs must allege what fact or facts support the late discovery of the injury. *Ogle v. Hotto*, 273 Ill. App. 3d 313 (5th Dist. 1995). Plaintiffs do not and cannot do so. The "discovery rule" is a clever red-herring that has no application here.

In sum, Plaintiffs cannot allege independently actionable events, with their own separate damages dating back as far as 2002, and clump them altogether to avoid the application of the statute of limitations to bar their claims. Rather, these were independent causes of action and time-barred long ago. Accordingly, the "discovery rule" is inapplicable here, and Plaintiffs fail to state a claim.

### B. If The Continuing Violation Doctrine Does Apply, Plaintiffs Have No Damages

Alternatively, in the event that the "continuing violation" doctrine applies (and it does not), Plaintiffs fail to state a cause of action because they have no damages.

Plaintiffs argue that the continuing violation "culminat[es]" in the filing of state court small claims lawsuits. They further allege that they sustained injury from the entry of the default judgments including adverse credit reports. SAC, par. 32 ("the entry of an *ex parte* judgment against [Blankenship] <u>will</u> adversely affect his consumer credit report."); 42 (the "*ex parte* judgment entered against him…<u>will</u> adversely affect [Brassfield's] consumer credit report.") (emphases added). Yet, Plaintiffs have failed to plead an essential element of their cause of action – actual damage. *Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F.Supp.2d 898, 912 (N.D.

Ill. 2012) ("a plaintiff must allege actual damages and the actual damages must arise from purely economic injuries.")

Plaintiffs do not allege that either Blankenship or Brassfield has suffered <u>any</u> actual damages in the form of satisfying the judgments entered against them, paying or having anyone collect even one dollar on the basis of the judgment, and/or that they suffered any actual damage from the allegedly misleading letters or that any adverse credit reports have come to pass. And allegations that the entry of judgments will adversely affect their credit reports (sometime in the future) are too speculative. *See, e.g., Tierney v. Advocate Health and Hospitals Corp.*, No., 2014 WL 5783333, at *2 (N.D. Ill., Sept. 4, 2014) (a plaintiff may not manufacture standing "based on their fears of hypothetical future harm that is not certainly impending") (quoting *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1151 (2013)).

If everything "culminated" in the acts of 2014 (lawsuits, default judgments and collection letters), as Plaintiffs allege, where is the "actual pecuniary loss" essential to sustain an ICFA claim? *Mulligan v. QVC, Inc.*, 382 Ill.App.3d 620 (1st Dist. 2008) (failure to allege actual pecuniary loss requires dismissal). There is none.

C. *Allegations About The Arbitration Clauses Are Misleading And Irrelevant*

Finally, Plaintiffs argue that the arbitration clause allegations are relevant and should remain in the SAC because Defendants' failing to honor an arbitration clause is part of their alleged scheme. Plaintiffs, however, have withdrawn their cause of action for alleged breach of the arbitration provision and their currently plead lawsuit, consisting solely of an ICFA claim, rests on the fact that the underlying lease agreements are unenforceable. Plaintiffs cannot rely upon the terms of unenforceable lease agreements (ones they claim do not even exist) to support an ICFA claim. Moreover, the allegations simply do not make sense, are intended to prejudice the Defendants, and should be stricken if the SAC is not dismissed.

## CONCLUSION

For the reasons stated herein, the Court should dismiss the SAC in its entirety. In the alternative, the Court should strike the irrelevant paragraphs concerning alleged arbitration provisions.

Dated: December 4, 2015

Respectfully submitted,

By: /s/ John V. Baranello

Jason Hirsh
Levenfeld Pearlstein, LLC
2 N. LaSalle St., Suite 1300
Chicago, Illinois 60602

Scott E. Silberfein (admitted *pro hac vice*)
John V. Baranello (admitted *pro hac vice*)
Moses & Singer LLP
405 Lexington Avenue
New York, New York 10174-1299
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, John V. Baranello, an attorney, hereby certify that on December 4, 2015, I electronically filed **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

Howard B. Prossnitz, Esq.<br>
Law Offices of Howard B. Prossnitz<br>
218 North Jefferson, Suite 300<br>
Chicago, Illinois 60661

/s/ John V. Baranello___
JOHN V. BARANELLO

3236299v3 011082.0163