**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD W. BLANKENSHIP, <br> and GARY BRASSFIELD, <br> on behalf of themselves <br> and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PUSHPIN HOLDINGS, LLC, <br> LEASE FINANCE GROUP LLC, and <br> JAY COHEN, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 14 C 6636 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is Defendant Pushpin Holdings, LLC's ("Pushpin's"), Lease Finance Group LLC's ("Lease Finance's"), and Jay Cohen's ("Cohen's") (collectively, "Defendants'") Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint or in the Alternative, to Strike Allegations Therefrom. (R.71.) For the reasons stated herein, the Court denies in part and denies in part without prejudice Defendants' motion.

## BACKGROUND

The Court previously granted in part and denied in part Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint. (*See* R.68.)[1] In particular, the Court denied Defendants' motion in regard to Plaintiffs' allegations of unfair and deceptive acts under the Illinois Consumer Fraud Act ("ICFA") and granted Defendants' motion with regard to Plaintiffs'

---

[1] The Court presumes familiarity with its prior opinion regarding Defendants' Motion to Dismiss and the factual background summarized therein. (*See generally*, R.68.)

breach of contract claim due to Plaintiffs failure to sufficiently allege that the lease agreements were valid and enforceable and failure to allege Plaintiffs' substantial performance under those lease agreements. (*See id*.) Even though Plaintiffs' Second Amended Complaint "largely mirrors" their First Amended Complaint, it withdraws their breach of contract claim and retains their ICFA claim. (*See* R.70, Plaintiffs' Second Amended Compl.; R.45, Plaintiffs' First Amended Compl.; *see also* R.73, Defs. Mot., at 5.) Defendants' present motion seeks dismissal of the Second Amended Complaint "on the limited ground that Plaintiffs' allegations of unfairness and deception occur outside the applicable three-year statute of limitations for [ICFA] claims." (R.73, at 1.)

In ruling on Defendants' motion to dismiss, the Court views the allegations in the light most favorable to Plaintiffs. Generally, Plaintiffs allege that Defendants are engaged in a scheme to defraud business owners by forging leases, withdrawing money and charges that Plaintiffs (and the putative class members) never agreed to, sending misleading collection letters, and then suing on the leases when Plaintiffs failed to pay for obligations they never agreed to in the first place. (*See* R.68, at 2-9; *see also* R.70.)

## LEGAL STANDARD

Defendants move to dismiss Plaintiffs' Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). "A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting

*Twombly,* 550 U.S. at 570). A district court's analysis under Rule 12(b)(6) "rests on the complaint, and [the court] construe[s] it in the light most favorable to the plaintiffs, accepting as true all well-pleaded facts alleged and drawing all permissible inferences in their favor." *Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014); *see also Teamsters Local Union No. 705 v. Burlington N. Santa Fe, LLC*, 741 F.3d 819, 823 (7th Cir. 2014); *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). "[T]he complaint must supply 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Twombly*, 550 U.S. at 556). "A claim must be plausible rather than merely conceivable or speculative, meaning that the plaintiff must include 'enough details about the subject-matter of the case to present a story that holds together.'" *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826-27 (7th Cir. 2014) (citations omitted).

## ANALYSIS

Defendants argue that Plaintiffs' allegations fail to state a claim under the ICFA because many of the allegations underlying their claim are barred by the three-year statute of limitations. (R.73, at 6-11.) Defendants further argue that the "continuing violation" doctrine that could otherwise extend the limitations period on Plaintiffs' ICFA claim is inapplicable. (*Id.*, at 11-13.) Defendants also assert that equitable tolling, equitable estoppel, and fraudulent concealment do not rescue Plaintiffs' claim because they do not apply. (*Id.*, at 13-14.) Lastly, Defendants request the Court strike allegations concerning the enforceability of the alleged arbitration provision because Plaintiffs no longer allege a breach of the alleged provision and reference to it is irrelevant. (*Id.*, at 14.)

As an initial matter, the Court notes that Defendants failed to raise this statute of limitations defense in their first motion to dismiss. Because they could have raised it and failed to do so just a few months ago, the Court could deny the motion on that basis. For the sake of completeness, however, the Court will address the merits of Defendants' argument – which fails.

The parties do not dispute that a three-year statute of limitations applies to Plaintiffs' ICFA claim, nor do they dispute that Illinois law applies here. (*See e.g.*, R.73, at 1; R.75, at 3.) The Court addresses Defendants' arguments in turn.

## I. Plaintiffs' ICFA Claim Is Not Time-Barred

The ICFA provides a remedy for "unfair methods of competition and unfair or deceptive acts or practices" in specified "commercial transactions." *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011) (quoting 815 ILCS 505/2). Specifically, the ICFA, 815 ILCS 505/1, *et seq.*, prohibits:

> …unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact … in the conduct of trade or commerce … whether any person has in fact been misled, deceived or damages thereby.

815 ILCS 505/2. In addition, Section 505/10a provides that "[a]ny person who suffers actual damages as a result of a violation of this Act, committed by any other person may bring an action against such person." 815 ILCS 505/10a.

To state a claim under the ICFA, Plaintiffs must allege five elements: (1) a deceptive act or unfair practice occurred, (2) the defendant intended for plaintiff to rely on the deception, (3) the deception occurred in the course of conduct involving trade or commerce, (4) the plaintiff sustained actual damages, and (5) the damages were proximately caused by the defendant's deception. *See Armbrister v. Pushpin Holdings, LLC*, 896 F. Supp. 2d 746, 754 (N.D. Ill. 2012)

4

(*citing Hardaway v. CIT Group/Consumer Fin. Inc.*, 836 F. Supp. 2d 677, 685 (N.D. Ill. 2011); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010); *Martis v. Pekin Mem'l Hosp. Inc.,* 395 Ill. App. 3d 943, 334 Ill. Dec. 772, 917 N.E.2d 598, 603 (Ill. App. Ct. 2009).

Defendants contend that Plaintiffs' ICFA claim is untimely. A statute of limitations defense "may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005)). Generally, an ICFA claim must be brought "within three years of the date the claim accrues." *Gater v. Bank of Am., N.A.,* No. 13 C 3267, 2013 WL 5700595, at *1 (N.D. Ill. Oct. 18, 2013) (citing *Addison Automatics, Inc. v. RTC Group, Inc.,* No. 12 C 9869, 2013 WL 3771423, at *5–6 (N.D. Ill. July 16, 2013)). An ICFA claim "accrues when the plaintiff 'knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused.'" *Id.* (citing *Highsmith v. Chrysler Credit Corp.,* 18 F.3d 434, 441 (7th Cir. 1994)(quoting *Knox College v. Celotex Corp.,* 430 N.E.2d 976, 980 (Ill. 1981)); 815 ILCS 505/10a(e).

Plaintiffs contend that upon awareness of Defendants' alleged fraudulent scheme, which included reliance upon and enforcement of forged lease agreements, their claim accrued. Defendants argue that Plaintiffs' ICFA claim accrued when they incurred monetary damage from use of the credit card swiping machines. Regarding Plaintiff Blankenship, Defendants contend that he knew he was injured based on the allegations that in 2002, his credit card machine failed to work properly causing him to incur monetary damage and he returned it. (R.73, at 8-9.) Regarding Plaintiff Brassfield, Defendants contend that he knew he was injured in 2010 when Defendants left him a credit card swiping machine. (*Id.*, at 10.) Defendants argue that at that

5

point, the burden fell to Plaintiffs "to inquire further as to the existence of a cause of action." (*Id.*, at 9; *see also id.*, at 10.)

Defendants argue that Plaintiffs knew or should have known of Defendants' alleged deceptive acts when they incurred monetary injury. As with Defendants' prior motion to dismiss (*see* R.68, at 15), Defendants continue to read Plaintiffs' ICFA claim too narrowly. Defendants' sole reliance on the date of Plaintiffs' respective monetary injuries, in this case, as spurring Plaintiffs' obligation of inquiry is misplaced because it ignores facts alleged as deceptive and unfair, *e.g.,* the forged lease agreements, misleading collection demand letters, faulty assignments, and filing of actions in small claims court based on the lease agreements. While Plaintiffs allege actions for Plaintiff Blankenship that began in 2002 and for Plaintiff Brassfield that began in 2010, Plaintiffs argue their ICFA claim did not accrue until later when they learned of Defendants' alleged deceptive acts of forgery and reliance on the forged documentation.

Plaintiffs' argument invokes the discovery rule, which "postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured." *Mnyofu v. Bd. of Educ. of Matteson Elementary Sch. Dist. 162*, No. 11 C 3756, 2012 WL 3436293, at *5 (N.D. Ill. Aug. 13, 2012) (citing *Clark v. City of Braidwood*, 318 F.3d 764, 766 (7th Cir. 2003) (reversing the district court's dismissal of a complaint when the plaintiff "made reasonably clear that he was trying to allege that he did not learn of his injury until some point outside of the limitations period)). "The cause of action accrues and the limitations period begins to run when the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved." *Id.* (citing *In re marchFIRST Inc.,* 589 F.3d 901, 904 (7th Cir. 2009)). In

addition, "[a] plaintiff's knowledge that his injury was wrongfully caused does not necessarily mean knowledge of actionable conduct." *Id.* (citing *In re marchFIRST,* 589 F.3d at 904).

Under the discovery rule, therefore, the obligation of inquiry does not begin until after "a party knows or reasonably shown know both that an injury occurred *and* that is was wrongfully caused." *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 415-16 (Ill. 1981) (emphasis added). As further explained by the Illinois Supreme Court in *Knox*, "[a]t some point the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved. At that point, under the discovery rule, the running of the limitations period commences." *Id.* at 416-17. Taking the allegations and all reasonable inferences in Plaintiffs' favor, the Plaintiffs have sufficiently alleged facts to support a finding that a reasonable person would not be aware of Defendants' wrongful conduct that caused their injury until learning of the forged lease agreements and Defendants' actions taken in reliance on them. These alleged actions, taken in the light most favorable to Plaintiffs, then placed them in a position to know (or to reasonably should have known) that Defendants' collection of monthly payments owed under the alleged forged leases were wrongful. *See Superior Bank FSB v. Golding*, 152 Ill. 2d 480, 488-89 (1992) (concluding that the trial court's dismissal of the plaintiff's complaint was improper because the plaintiff's allegations supported the plaintiff's knowledge of wrongful injury at the "earliest date" when it was alerted to the possibility of the forgery and, hence, wrongful injury).

Plaintiffs' allegations relating to learning of Defendants' alleged forged lease agreements and Defendants' subsequent actions in reliance upon such agreements, fall within the three–year statute of limitations period running back from the July 2014 date upon which Plaintiffs filed the present action. Furthermore, in situations of alleged forgery, a summary dismissal of Plaintiffs'

7

complaint based on their failure to plead acts within the statute of limitations at a time prior to learning of the forgery is improper here because it would essentially leave Plaintiffs without a remedy. *See Superior Bank FSB*, 152 Ill.2d at 488 (explaining that "the purpose of the Code of Civil Procedure is to encourage the trial of cases on their merits and avoid premature summary dismissals which would frustrate the search for truth, especially in an alleged forgery action because "[i]f [the defendant's] guaranty turns out to be a forgery, [the plaintiff] would be left without a remedy"); *Knox*, 88 Ill. 2d at 415-16 (explaining that the inquiry as to whether a reasonable person on inquiry could determine whether actionable conduct is involved "is usually a question of fact", making it less amenable to resolution on a motion to dismiss). Indeed, Defendants' arguments become factual in nature as they assert that "[i]t makes no sense that Blankenship and Brassfield would endure monthly automatic payments for machines that did not work and they never agreed to without understanding that they were the victim of a wrongful act." (R.77, at 5.) This is not the proper analysis for the Court to conduct on a motion to dismiss, as it takes all allegations and reasonable inferences in the light most favorable to Plaintiffs.[2]

Plaintiffs, here, did not see Defendants' allegedly forged lease agreements until Defendants initiated collection letters and demands. (*See* R.70, ¶¶ 18, 34.) Indeed, there are no allegations that indicate Plaintiffs' reasonable awareness that Defendants acts were wrongful and that they were based on a scheme including use of alleged forgeries of agreements with execution dates in 2002 (Blankenship) and 2010 (Brassfield). As such, the Court finds under the discovery rule that Plaintiffs' ICFA survives Defendants motion to dismiss because Plaintiffs

---

[2] Defendants admit that certain acts clearly fall within the statute of limitations. (R.73, at 8 ("[t]here are not facts, other than possibly the collection efforts and filing of a lawsuit by Pushpin, that fall within the applicable statute of limitations").) Indeed, it is these acts that form Plaintiffs' basis for their alleged awareness of the forged documents.

8

have sufficiently alleged a timely claim under ICFA based on Defendants' alleged wrongful acts in pursuing forged lease agreements against Plaintiffs.

## II. The "Continuing Violation" Doctrine Is Applicable

"The continuing violation doctrine acts as a defense to the statute of limitations, by delaying its accrual or state date." *Kovacs v. United States*, 614 F.3d 1039, 1040 (7th Cir. 2010) (citing *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008); *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 435 (7th Cir. 2009)). Defendants assert that the continuing violation doctrine is inapplicable here. Plaintiffs respond that their allegations of Defendants' ongoing scheme including use of forged signatures, faulty assignments, filed collection cases, and obtained default judgments, support application of the continuing violation doctrine here. The Court agrees.

> As explained by the Seventh Circuit:
>
> The doctrine applies when "a tort involves a continued repeated injury" and "the limitation period does not begin until the date of the last injury or when the tortious act ceased." *Rodrigue v. Olin Employees Credit Union,* 406 F.3d 434, 442 (7th Cir. 2005). "The continuing violation doctrine allows a complainant to obtain relief for a time-barred act ... by linking it with acts that fall within the statutory limitations period." *Filipovic v. K & R Express Syst., Inc.,* 176 F.3d 390, 396 (7th Cir. 1999). "It is thus a doctrine not about a continuing, but about a cumulative, violation." *Limestone,* 520 F.3d at 801. The continuing violation doctrine, however, does not apply to "a series of discrete acts, each of which is independently actionable, even if those acts form an overall pattern of wrongdoing." *Rodrigue,* 406 F.3d at 443; *see also Filipovic,* 176 F.3d at 396 (actions "so discrete in time or circumstances that they do not reinforce each other cannot reasonably be linked together in a single chain, a single course of conduct, to defeat the statute of limitations").

*Kovacs v. United States*, 614 F.3d 666, 676 (7th Cir. 2010). Plaintiffs' allegations do not constitute discrete acts that "do not reinforce each other" or that "cannot reasonably be linked together in a single chain". *Id.*, at 676. Indeed, Plaintiffs' allegations follow a trail of actions culminating in Defendants' filing of suit in state court against Plaintiffs

9

and obtaining default judgment. In *Gater*, the district court dismissed the plaintiff's ICFA claim as untimely where the "mortgage transaction was consummated in September 2006 and the alleged misrepresentations occurred around that time", yet the plaintiff did not bring suit until over six years later. (R.73, at 7 (citing *Gater*, 2013 WL 5700595, at *2).) Here, Plaintiffs filed their action on July 28, 2014 and allege misrepresentations that occurred as recent as 2013 and 2014. Namely, Plaintiffs allege an ongoing scheme to defraud that culminated in filing of suits and obtaining default judgments based on forged documents. (*See* R.70, ¶¶ 30, 31, 39-41.) In addition, Plaintiffs allege Defendants sent deceptive notices to Plaintiff Brassfield. (*Id.*, ¶ 41; *id.*, Ex. 4.) These allegations support application of the continuing violation doctrine here.[3]

      Defendants reference the allegations in Plaintiffs' Second Amended Complaint and argue that "[a]t any point … Plaintiffs knew, or should have known, that they were damaged." (R.77, at 4.) This argument, however, conflates the continuing violation doctrine with the discovery rule—the latter of which the Court has addressed above as applicable to preserving Plaintiffs' ICFA claim here under the statute of limitations. *See e.g., Beal v. Wyndham Vacation Resorts, Inc.*, 956 F. Supp. 2d 962, 975 (W.D. Wis. 2013) (explaining that the defendant's argument confuse the discovery rule and the continuing violations doctrine). The statute of limitations begins to run when a claim accrues, which in this case, under the continuing violation doctrine, is when Defendants relied upon allegedly forged lease agreements and filed suit against Plaintiffs

---

[3] This case differs from *Hill v. Wells Fargo Bank, N.C.*, 946 F. Supp. 2d 817, 825 (N.D. Ill. 2013), where the district court found the continuing violation doctrine inapplicable to claims that alleged earlier discrete actions that were independently actionable as statutory injury under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*. Here, Plaintiffs' allegations of deception and fraud rely on acts of forgery that necessarily result in a "cumulative violation" rather than a continuing one laced with independently actionable events. *See id.*, at 825 ("It is thus a doctrine not about a continuing, but about a cumulative, violation").

10

to enforce such agreements.[4]  As such, Plaintiffs' ICFA claim survives Defendants' motion to dismiss.[5]

### III.     Plaintiffs' Allegations Regarding the Arbitration Provision

Lastly, Defendants request the Court strike Plaintiffs' allegations concerning the enforceability of an alleged arbitration provision in the lease agreements based on its irrelevance to the present action in light of Plaintiffs' withdrawal of its breach of contract claim in its Second Amended Complaint.  The Court agrees.

Pursuant to Rule 12(f), the Court can strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009).  A district court may strike an allegation as scandalous when it "bears no possible relation to the controversy," or when the allegations are "devoid of any factual basis." *Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664–65 (7th Cir. 1992); *see also Anderson v. Bd. of Educ. Of City of Chicago,* 169 F. Supp. 2d 864, 867–68 (N.D. Ill. 2001) ("[p]rejudice results when the matter complained of has the effect of confusing the issues").  Motions to strike are appropriate if they serve to expedite litigation.  *See Heller Fin., Inc. v. Midwhey Powder,* 883 F.2d 1286, 1294 (7th Cir. 1989). District courts have considerable discretion under Rule 12(f).  *See Delta,* 554 F.3d at 1141–42;

---

[4] The Court does not address Defendants' argument in the alternative that if the continuing violation doctrine does apply, Plaintiffs have failed to allege damages, because Defendants raised the argument in reply.  *See Hernandez v. Cook Cnty. Sherriff's Office,* 634 F.3d 906, 913 (7th Cir. 2011) (citations omitted) (explaining that arguments made for the first time in reply are treated as waived based on the underlying concern of ensuring the opposing party is not prejudiced by being denied sufficient notice to respond); *see also Darif v. Holder,* 739 F.3d 329, 336 –337 (7th Cir. 2014).

[5] Plaintiffs did not address the application of equitable tolling or equitable estoppel, instead relying the discovery rule and the continuing violation doctrine.  (*See* R.75, at 8, n.1.)  Because the Court has found both the discovery rule and the continuing violation doctrine applicable here, the Court does not address Defendants' equitable tolling or equitable estoppel arguments as they are rendered moot.

11

*see also Blankenship v. Pushpin Holdings, LLC*, No. 14 C 6636, 2015 WL 5895416, at *16 (N.D. Ill. Oct. 6, 2015).

Plaintiffs acknowledge that they have withdrawn their breach of contract claim, but assert that "it is still relevant to the ICFA claim to allege that the lease agreements have arbitration clauses which are ignored hundreds of times" and that it is deceptive and unfair to file hundreds of lawsuits when the purported underlying contracts have such clauses. (*See* R.75, at 8.) It is premature at this point to determine if the inclusion of the allegations regarding the arbitration clauses is relevant. Accordingly, the Court denies this aspect of the motion without prejudice.

## CONCLUSION

For the forgoing reasons, the Court denies in part and denies in part without prejudice Defendants' Motion to Dismiss the Second Amended Complaint or, In the Alternative, to Strike Allegations Therefrom.

**DATED: January 19, 2016**  ENTERED

_____
AMY J. ST. EVE
United States District Court Judge