UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD W. BLANKENSHIP** and **GARY BRASSFIELD,** on behalf of themselves and all other similarly situated,<br><br>   **Plaintiffs,**<br> vs.<br><br>**PUSHPIN HOLDINGS, LLC, LEASE FINANCE GROUP AND JAY COHEN,**<br><br>   **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>) No. 1:14-cv-06636 (ASE) (JTG)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' ANSWERS TO COUNTERCLAIMS

Plaintiffs Ronald W. Blankenship and Gary Brassfield hereby submit their Answers to the Counterclaims.

**Plaintiff Blankenship's Answer to First Counterclaim**

1. On or about January 25, 2002, Ronald W. Blankenship ("Blankenship"), executed a personal guaranty agreement ("Guaranty") on behalf of the Grand Shoe Repair (the "Lessee") and in favor of CIT Finanacial USA, Inc. and its successors and assigns (the "Lessor") in connection with the Lessee and Lessor's Non Cancelable Lease agreement (the "Lease").

ANSWER:

Blankenship denies the allegations of paragraph 1 and further answering states that any purported signature(s) of his on the Guaranty or Lease is a forgery.

2. On or about March 1, 2010, Pushpin Holdings, LLC ("Pushpin") purchased and acquired from the Lessor, all rights, title and interest in certain executed equipment finance agreements and

guaranties, including the Lease and Guaranty referenced above.

ANSWER:

Blankenship lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and further answering repeats and realleges his allegation in paragraph 31 of the Second Amended Complaint that the assignment documentation attached to the small claims complaint against him is incomplete.

3. The Lease provides that in the event of a default, Lessor may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly lease payments for the original term of the Lease.

ANSWER:

Blankenship lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 since no copy of the referenced Lease is attached to the counterclaim and further answering states that the language of the Lease speaks for itself.

4. Pursuant to Blankenship's Guaranty, he unconditionally guaranteed all of the Lessee's obligations to Lessor, under the Lease, including the basic monthly lease payment by the Lessee to the Lessor of $39.95 for a period of 48 months, plus Lessor's attorney's fees and legal costs incurred in enforcing the agreement.

ANSWER:

Blankenship denies the allegations of paragraph 4 and further answering states that any purported signature of his on the Guaranty is a forgery.

5. The Lessee defaulted by failing to make the required monthly lease payments under the Lease. The Lessee made its last payment under the Lease on November 2, 2003 for a total amount

paid of $479.40.

ANSWER:

Blankenship denies the first sentence of paragraph 5. As to the second sentence, he denies that there was any valid Lease and lacks information or knowledge sufficient to form a belief as to the accuracy of the November 2, 2003 date or the amount of $479.40. Further answering, he notes that paragraph 5 of the counterclaim says a payment was made on November 2, 2003, while paragraph 6 alleges no payment was made on November 2, 2003.

6. As a result of the Lessee's failure to make the payment due on November 2, 2003 and each and every monthly lease payment due thereafter, there has been a default under the Lease.

ANSWER:

Blankenship denies the allegations of paragraph 6.

7. Thus, there is presently due and owing from the Lessee to Pushpin the remaining unpaid lease balance of $1,438.20 with interest thereon from November 2, 2003, plus Pushpin's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

ANSWER:

Blankenship denies the allegations of paragraph 7.

8. On October 8, 2013, Pushpin commenced suit against Blankenship in the Circuit Court of Cook County, Illinois, seeking to enforce his Guaranty, including his unconditional guaranty to pay Pushpin's attorney's fees and legal costs incurred in enforcing the Guaranty and Lease.

ANSWER:

Blankenship admits that suit was filed on October 8, 2013 by Pushpin, but denies that there was any valid enforceable Guaranty or Lease.

9. On January 6, 2014, a judgment was entered by the Circuit Court of Cook County, Illinois, on default, in favor of Pushpin and against Blankenship in the amount of $2,497.65, which judgment has not been satisfied, in whole or part.

ANSWER:

Blankenship admits that a default judgment for $2,497.65 was entered on January 6, 2014, but denies that he owes any money to Pushpin.

10. In addition to the unsatisfied judgment, Blankenship is contractually obligated to pay Pushpin its attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

ANSWER:

Blankenship denies the allegations of paragraph 10 and further answering states that there is no obligation to pay fees and costs in this action.

Wherefore, Blankenship prays that the First Counterclaim be denied with prejudice, and that he be awarded his costs and such further relief as the Court deems just.

### Plaintiff Brassfield's Answer to Second Counterclaim

11. On or about March 15, 2010, Gary Brassfield ("Brassfield"), executed a personal guaranty agreement ("Guaranty") on behalf of the Gary & Andre Oil Master (the "Lessee") and in favor of RPSI, Inc. D/b/a Retriever Payment Systems and its successors and assigns (the "Lessor") in connection with the Lessee and Lessor's Non Cancelable Lease agreement (the "Lease").

ANSWER:

Brassfield denies the allegations of paragraph 11 and further answering states that any purported signature(s) of his on the Guaranty or Lease is a forgery.

12. On or about April 1, 2010, Lease Finance Group, LLC (LFG") purchased and acquired from the Lessor, all rights, title and interest in certain executed equipment finance agreements and guaranties, including the Lease and Guaranty referenced above.

ANSWER:

Brassfield lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and further answering repeats and realleges his allegation in paragraph 35 of the Second Amended Complaint that the assignment documentation attached to the small claims complaint against him is incomplete.

13. The Lease provides that in the event of a default, Lessor may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly lease payments for the original term of the Lease.

ANSWER:

Brassfield lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 since no copy of the referenced Lease is attached to the counterclaim and further answering states that the language of the Lease speaks for itself.

14. Pursuant to Brassfield's Guaranty, he unconditionally guaranteed all of the Lessee's obligations to Lessor, under the Lease, including the basic monthly lease payment by the Lessee to the Lessor of $89 for a period of 48 months, plus Lessor's attorney's fees and legal costs incurred in enforcing the agreement.

ANSWER:

Brassfield denies the allegations of paragraph 14 and further answering states that any purported signature of his on the Guaranty is a forgery.

5

15. The Lessee defaulted by failing to make the required monthly lease payments under the Lease. The Lessee made its last payment under the Lease on November 18, 2012 for a total amount paid of $1,869.00.

ANSWER:

Brassfield denies the first sentence of paragraph 15. As to the second sentence, he denies that there was any valid Lease and lacks information or knowledge sufficient to form a belief as to the accuracy of the November 18, 2012 date or the amount of $1,869.00. Further answering, he notes that paragraph 15 of the counterclaim says a payment was made on November 18, 2012, while paragraph 16 alleges no payment was made on November 18, 2012.

16. As a result of the Lessee's failure to make the payment due on November 18, 2012, and each and every monthly lease payment due thereafter, there has been a default under the Lease.

ANSWER:

Brassfield denies the allegations of paragraph 16.

17. Thus, there is presently due and owing from the Lessee to LFG the remaining unpaid lease balance of $1,869.00 with interest thereon from November 18, 2012, plus LFG's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

ANSWER:

Brassfield denies the allegations of paragraph 17.

18. On October 8, 2013, LFG commenced suit against Brassfield in the Circuit Court of Cook County, Illinois, seeking to enforce his Guaranty, including his unconditional guaranty to pay LFG's attorney's fees and legal costs incurred in enforcing the Guaranty and Lease.

ANSWER:

Brassfield denies that suit was filed on October 8, 2013 by LFG, and also denies that there was any valid enforceable Guaranty or Lease.

19. On January 28, 2014, a judgment was entered by the Circuit Court of Cook County, Illinois, on default, in favor of LFG and against Blankenship in the amount of $2,753.00, which judgment has not been satisfied, in whole or part.

ANSWER:

Brassfield admits that a default judgment for $2,753.00 was entered on January 28, 2014, but denies that he owes any money to LFG.

20. In addition to the unsatisfied judgment, Brassfield is contractually obligated to pay LFG its attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

ANSWER:

Brassfield denies the allegations of paragraph 20 and further answering states that there is no obligation to pay fees and costs in this action.

Wherefore, Brassfield prays that the Second Counterclaim be denied with prejudice, and that he be awarded his costs and such further relief as the Court deems just.


                              Plaintiffs - CounterDefendants,


                              By: *Howard B. Prossnitz /s/*

Howard B. Prossnitz,
Law Offices of Howard Prossnitz
218 North Jefferson Street
Suite 300
Chicago, IL 60661


Dated: February 19, 2016

Certificate of Service

I, Howard Prossnitz, an attorney, certify that I served a copy of the foregoing, on all counsel of record, through the Court's electronic filing system on this 19th day of February, 2016.

*Howard B. Prossnitz /s/*